609 So.2d 138 (1992)
Ilene Sales KORNBLUM, Appellant,
v.
Irving S. SCHNEIDER and Ronald B. Maged, Appellees.
No. 91-2662.
District Court of Appeal of Florida, Fourth District.
December 2, 1992.
*139 Robert F. Jordan of Grevior & Jordan, Fort Lauderdale, for appellant.
Michael C. Knecht of Knecht & Knecht, P.A., Coral Gables, for appellees.

ON MOTION FOR REHEARING
OWEN, WILLIAM C., JR., Senior Judge.
We grant the motion for rehearing and substitute the following opinion for the opinion filed October 14, 1992.
As a sanction for conduct which the trial judge perceived to be a fraud on the court by appellant,[1] her personal injury complaint was dismissed and judgment was entered for the defendant. We reverse.
The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court,[2] or where a party,[3] or the party's counsel,[4] persistently fails or refuses to comply with court orders. Because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances.[5] In some cases, where the misconduct of a party or the party's counsel has permeated the entire proceeding, dismissal of the entire case has been upheld,[6] but in others where the fraud or other misconduct pertained to only a part of the claim, dismissal of the unaffected legitimate part of the claim has been held to be too severe.[7]
In this case the record does not establish that appellant either authorized *140 or had any prior knowledge of her counsel's inclusion in the complaint of the offending allegations and claim.[8] Furthermore, the separate count on behalf of appellant's husband had been voluntarily dismissed, and attorney's fees had been awarded to appellees' trial counsel. Under the circumstances, we conclude that the trial court abused its discretion in dismissing appellant's claim for her own personal injuries.
The judgment and the order dismissing appellant's complaint are severally reversed.
GLICKSTEIN, C.J., and DELL, J., concur.
NOTES
[1] The fraud consisted of a separate count on behalf of appellant's husband, seeking damages for his alleged permanent injuries, which the court knew to be contrary to the husband's prior sworn testimony before the court.
[2] Tri Star Investments, Inc. v. Miele, 407 So.2d 292 (Fla. 2d DCA 1981).
[3] Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980).
[4] Johnson v. Landmark First Nat'l Bank, 415 So.2d 161 (Fla. 4th DCA 1982).
[5] Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978).
[6] See, e.g., Johnson v. Landmark First Nat'l Bank, supra; Ferrante v. Waters, supra.
[7] See, e.g., Kirby v. Adkins, 582 So.2d 1209 (Fla. 5th DCA 1991); Parham v. Kohler, 134 So.2d 274 (Fla. 3d DCA 1961).
[8] Appellant's counsel on this appeal did not represent appellant in the trial court.