706 So.2d 47 (1998)
Anthony J. GAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0450.
District Court of Appeal of Florida, Fifth District.
January 23, 1998.
Rehearing Denied February 26, 1998.
*48 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Anthony Gaines (defendant) appeals his judgments and sentences which were imposed by the trial court after a jury found him guilty of committing the offenses of possession of cocaine and possession of cannabis.[1] The defendant contends that the trial court erred (1) by failing to make an adequate Nelson[2] inquiry; and (2) in denying his motion for a judgment of acquittal on the cocaine charge. These contentions lack merit and therefore we affirm.
*49 Immediately before his trial commenced the defendant told defense counsel, an assistant public defender, that the Public Defender's office had a conflict of interest in representing him. Defense counsel advised the trial court of the defendant's communication and the trial court questioned the defendant. The defendant stated that the alleged conflict was based on a bar grievance which he had previously filed against the Public Defender's office:
I filed Florida Bar ... created conflict or something ... it's been a couple years. Judge Miller struck down the public defender this year, issued me a private attorney.
The court then asked the defendant, "Are you satisfied with the services [defense counsel] provided for you?" The defendant responded, "Nothing against [defense counsel] personally, but no, sir." The trial court then ruled that substitute counsel would not be appointed, and the trial proceeded.
On appeal, the defendant argues that the trial court failed to conduct a proper Nelson hearing. Under Nelson, once a defendant requests the trial court to discharge his court-appointed attorney because the attorney's representation is allegedly ineffective, the trial court is required to make an independent inquiry into whether there is reasonable cause to believe that the attorney is not providing effective assistance to the defendant. Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973). If the court determines that there is a reasonable basis to conclude that the representation being provided by court-appointed counsel is ineffective, the trial court should make specific findings supporting that conclusion and appoint substitute counsel. Id. However, if there is no reasonable basis to believe that the attorney's representation is ineffective, the trial court must deny the request stating the reasons for the ruling on the record. Id.
Here, the defendant's objection was not a traditional Nelson objection since the defendant did not raise a claim of ineffective assistance of counsel. Instead, the defendant simply stated that his attorney was an assistant public defender and that two years ago he had a conflict in another case involving a different public defender. The defendant did not advise the trial court as to the nature of the perceived conflict of interest or how it may have impacted the quality of legal representation he was receiving. While a conflict of interest may adversely effect an attorney's representation, the mere allegation of a conflict does not give rise to the necessity of conducting a Nelson inquiry. See Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990). Furthermore, the filing of a bar complaint against the Office of the Public Defender does not automatically create a conflict of interest requiring the appointment of substitute counsel. Boudreau v. Carlisle, 549 So.2d 1073, 1077 (Fla. 4th DCA 1989), dismissed, 557 So.2d 866 (Fla.1990). Accordingly, the trial court properly concluded that the defendant was not entitled to receive substitute counsel since the instant record does not include any reference as to the basis of the defendant's previous bar grievance and the court was not required to conduct a Nelson hearing because the defendant did not provide the trial court with any details indicating that defense counsel was rendering ineffective assistance of counsel.
The defendant next argues that the trial court erred in denying his motion for a judgment of acquittal on the cocaine charge. Specifically, he contends that the state failed to present sufficient evidence to prove that he had possession of the cocaine which was found in his bedroom.
In order to be found guilty of the offense of possession of contraband the defendant need not be in actual physical possession of the contraband. Instead, it is sufficient if the evidence establishes that the defendant exercised constructive possession of the contraband. Constructive possession exists when the defendant (1) knows of the presence of the contraband; (2) knows of its illicit nature; and (3) had or shared dominion and control over it. Brown v. State, 428 So.2d 250, 252 (Fla.1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). Proof of the requisite knowledge and control may be established through evidence showing that the defendant exercised exclusive access to the area where the contraband was located. Williams v. State, 529 So.2d *50 1234, 1235 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 991 (Fla.1989).
The instant record reveals that, pursuant to a warrant, the police searched a home which the defendant rented and of which the defendant was the sole occupant. Cocaine was found in the drawer of a dresser located in the defendant's bedroom. Personal papers belonging exclusively to the defendant were located in that same dresser drawer. Based upon this evidence, the trial court properly concluded that the state presented sufficient evidence of constructive possession to overcome the defendant's motion for judgment of acquittal.
JUDGMENTS and SENTENCES AFFIRMED.
GRIFFIN, C.J., and HARRIS, J., concur.
NOTES
[1] §§ 893.03(2)(a)4; 893.03(1)(a)4, Fla. Stat. (1995).
[2] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).