991 So.2d 433 (2008)
Mara VILLASENOR, Appellant,
v.
Juana MARTINEZ, Appellee.
No. 5D07-432.
District Court of Appeal of Florida, Fifth District.
September 26, 2008.
*434 Dawn M. Ikerd of Ikerd & Ikerd, P.A., Orlando, and Jeffrey M. Byrd of Jeffrey M. Byrd, P.A., Orlando, for Appellant.
W. Andrew Rariden, of David A. Sierra & Associates, Orlando, for Appellee.
ALVA, M.M., Associate Judge.
Mara Villasenor ["Villasenor"] appeals the trial court's order dismissing her personal injury suit with prejudice for attempting to perpetrate a fraud on the court and a final judgment of dismissal with prejudice. We conclude that the trial court erred in dismissing the claim without conducting an evidentiary hearing and reverse.
Juana Martinez ["Martinez"] was the owner and operator of the vehicle that collided with a vehicle in which Villasenor was a passenger in June 2001. According to an affidavit filed by Villasenor, she was a seat-belted front seat passenger in a vehicle traveling north on State Road 535. She subsequently moved from the front seat to the back seat to retrieve her baby's bottle. While Villasenor was in the back seat and not wearing a seat belt, Martinez ran a red light and broadsided the vehicle. The collision resulted in Villasenor's ejection from the vehicle. In September 2004, Villasenor filed a complaint for damages she claimed to have resulted from injuries she incurred in the accident. Martinez admitted that she negligently operated her vehicle, preserved all other defenses, and specifically denied that the admitted negligence was the cause of Villasenor's alleged injuries.
During a pre-trial hearing on July 6, 2006, the court addressed Villasenor's motion in limine to exclude her status as an illegal alien from Mexico who could be subject to deportation. The trial court granted Villasenor's motion in limine in part, excluding any evidence of potential deportation consequences. The court, however, found Villasenor's status as an illegal alien was relevant on the limited issue of her future earning potential, since she was seeking damages for loss of future income. The trial court also permitted her illegal status to be addressed in voir dire.
The trial commenced on July 24, 2006, and at the outset Villasenor's attorney renewed the motion in limine regarding her client's illegal status in this country. On *435 the second day of trial, the court granted Villasenor's motion for mistrial based on a violation of the court's earlier ruling on her motion in limine.
On October 3, 2006, Martinez filed a motion to dismiss with attachments.[1] The motion alleged that at the conclusion of discovery it was learned that Villasenor had made blatant misrepresentations designed to intentionally mislead the fact finder and to thwart Martinez's discovery efforts. The discovery included Villasenor's sworn deposition, unverified responses to interrogatories, and medical and employment records. Martinez argued that this intentional conduct constituted fraud which permeated the entire proceeding, and as a consequence, should result in a dismissal of the complaint with prejudice.
The motion alleged that Villasenor had left ankle complaints for which she had received treatment, both in Mexico and the United States, which predated the accident. It was also alleged that Villasenor had utilized forged social security cards, multiple false social security numbers, fraudulent alien registration cards, and a fictitious alien registration number. It was alleged these fraudulent cards were used with treating health care providers and employers, both prior and subsequent to the accident. Martinez claimed that Villasenor's nondisclosure of this information foiled her discovery efforts and prejudiced her ability to locate and verify wage, income, employment, and medical data for use in her defense in the case. In addition, she was unable to ascertain the completeness of the discovery information she had obtained.
On November 15, 2006, Villasenor filed an affidavit in response to the motion to dismiss. Her attorney also filed a response which argued the facts contained in the affidavit.
A non-evidentiary hearing on the motion to dismiss was held on November 27, 2006. After hearing argument by both counsel, the court found that Villasenor had attempted to perpetrate a fraud on the court by engaging in a deliberate and persistent effort to conceal her prior left ankle complaints. The court further found that on multiple occasions Villasenor had used fraudulent social security numbers and bogus identification documents which was significant and material because hospital and medical records are keyed to an individual's social security number. The court granted the motion to dismiss with prejudice and thereafter entered a final judgment for the defendant, Martinez.
While a trial court has the inherent authority to dismiss an action based on fraud and collusion, the power should be used cautiously and sparingly, and only for the most blatant showings of fraud, pretense, collusion, or other similar wrong doing. See Cross v. Pumpco, Inc., 910 So.2d 324 (Fla. 4th DCA 2005); Distefano v. State Farm Mutual Automobile Ins. Co., 846 So.2d 572 (Fla. 1st DCA 2003). Fraud warranting the severe sanction of dismissal occurs when it is established by clear and convincing evidence "that a party has sentiently set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering *436 the presentation of the opposing party's claim or defense." Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998).
Except in the most extreme cases, where it appears that the process of the trial itself has been subverted, factual inconsistencies, and even false statements are well managed through the use of impeachment and traditional discovery sanctions. Ruiz v. City of Orlando, 859 So.2d 574 (Fla. 5th DCA 2003).
It is the burden of the party alleging the fraudulent conduct warranting dismissal to establish the same by clear and convincing evidence. See Cross, 910 So.2d at 324. Meeting that burden will almost always require an evidentiary hearing. Bologna v. Schlanger, 33 Fla. L. Weekly D1626, ___ So.2d ___, 2008 WL 2474653 (Fla. 5th DCA June 20, 2008), Howard v. Risch, 959 So.2d 308 (Fla. 2d DCA 2007).
Here the trial court found by clear and convincing evidence that Villasenor attempted to perpetrate a fraud on the court by engaging in a deliberate and persistent attempt to conceal prior left ankle complaints that went to the heart of the litigation. This finding was based on the attachments to the motion to dismiss,[2] Villasenor's inconsistent responses to several deposition questions, and unverified responses to interrogatories. The deposition attachment reflects only one question to Villasenor regarding prior medical treatment:
Defendant's Counsel: Had you ever been to a hospital at any other time in your life other than for this accident or for the birth of your daughter?
Villasenor: No.
The other deposition questions involved Villasenor's responses indicating she was an undocumented alien without a visa or green card.
Since these statements are inconsistent with entries in Villasenor's hospital records for pre-natal care and in employment applications and W-2 forms bearing her name as attached to Martinez's motion, the trial court found this sufficient to constitute clear and convincing evidence of Villasenor's unconscionable scheme to perpetrate a fraud on the court and the defendant.
The record on appeal provides no clear and convincing evidence to support the trial court's conclusion. The court conducted a non-evidentiary hearing in which no testimony was taken. The attachments to the motion to dismiss, relied on by the court to establish the alleged fraud by Villasenor, were never introduced as evidence. Whether the inconsistencies argued are evidence of intentional fraudulent conduct in this litigation, forgetfulness, or the result of a limited command of the English language, minimal education, and efforts to unlawfully live and work in this country completely unrelated to this cause of action, are questions which can only be resolved by an evidentiary hearing. Accordingly, we reverse the dismissal with prejudice and remand for further proceedings.
As the case is being remanded for further proceedings, we will address Villasenor's second claim that the trial court abused its discretion by denying in part her motion in limine to exclude her status as an illegal alien. We find no error in the trial court's ruling allowing evidence of *437 Villasenor's illegal immigrant status on the limited issue of her claim for lost future earnings. Her status as an illegal alien is indeed relevant to her ability to obtain lawful employment in the United States. 8 U.S.C. § 1324(a), Immigration Reform and Control Act; § 448.09(1), Fla. Stat. Therefore her status is relevant to the calculation of the wage rate on which projected future earnings should be based, in the event she prevails on her claim. See Veliz v. Rental Service Corporation USA, Inc., 313 F.Supp.2d 1317 (M.D.Fla.2003), Majlinger v. Cassino Contracting Corp., 25 A.D.3d 14, 802 N.Y.S.2d 56 (2005).
REVERSED and REMANDED.
GRIFFIN and COHEN, JJ., concur.
NOTES
[1] The attachments included two pages from Villasenor's deposition, her unverified responses to interrogatories, hospital records from Arnold Palmer Hospital for Women and Children, portions of reports from treating physicians, employment and tax records, account/billing information from treating physicians, one page of the report of Dr. Urrichio, and copies of a Florida driver's license, Florida identification card, social security card, and alien registration card in the name of Mara Villasenor.
[2] At the beginning of the hearing, Villasenor's counsel objected to the hospital records attachment on the ground of lack of proper authentication. The court ruled that since it was not conducting an evidentiary hearing, there was no need for contemporaneous objections.