MONACO, C.J.
 

 This is an appeal from an order dismissing the complaint of appellants, Wenwei Sun, Xiaofen Xu, his wife, and Yuetian Sun, his daughter, that was filed after Mr. Sun was injured in an automobile accident. Mr. Sun sought damages for personal injuries he allegedly suffered in the accident, and his wife and daughter filed consortium claims. The trial court dismissed appellants’ claims based on their commission of fraud upon the court after the appellees, Gilberto Aviles and Manuel Irizarry, learned that all three appellants lied repeatedly about Mr. Sun’s ability to work and function on his own after the accident. Recognizing the stringent standard applicable to dismissals based on fraud, we conclude that the trial court did not abuse its discretion when it dismissed the claims.
 

 Trial courts have the inherent authority to dismiss an action as a sanction when it learns that a plaintiff has perpetrated a fraud on the court.
 
 Morgan v. Campbell,
 
 816 So.2d 251, 253 (Fla. 2d DCA 2002). This authority exists because “no litigant has a right to trifle with the courts.”
 
 Id.
 
 (citing
 
 Tri Star Invs. v. Miele,
 
 407 So.2d 292, 293 (Fla. 2d DCA 1981)). Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used “cautiously and sparingly,” and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing.
 
 Granados v. Zehr,
 
 979 So.2d 1155 (Fla. 5th DCA 2008).
 

 Courts act cautiously in dismissing on this basis because the Florida Constitu
 
 *1077
 
 tion guarantees that the courts will be available to every person for redress of injury.
 
 Id.
 
 (citing Art. I, § 21, Fla. Const.). Thus, to ensure that this guarantee is satisfied, a party alleging fraudulent behavior on the part of another party must prove its position by clear and convincing evidence.
 
 Id.
 
 (citing
 
 Distefano v. State Farm Mut. Auto. Ins. Co.,
 
 846 So.2d 572, 574 (Fla. 1st DCA 2003)). In
 
 Cox v. Burke,
 
 706 So.2d 43, 46 (Fla. 5th DCA 1998), this court set forth what must be proven before a trial court can dismiss a case for fraud:
 

 The requisite fraud on the court occurs where “it can be demonstrated, clearly and convincingly, that a party has sen-tiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.”
 
 Aoude v. Mobil Oil Corp.,
 
 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should “consider the proper mix of factors” and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system.
 
 Id.
 
 at 1117-18. Because “dismissal sounds the ‘death knell of the lawsuit,’ courts must reserve such strong medicine for instances where the defaulting party’s misconduct is correspondingly egregious.”
 
 Id.
 
 at 1118. The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders.
 
 Kornblum v. Schneider,
 
 609 So.2d 138, 139 (Fla. 4th DCA 1992). Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances.
 
 Id.; Bird v. Hardrives of Delray, Inc.,
 
 644 So.2d 89, 90 (Fla. 4th DCA 1994).
 

 Misconduct short of this, including poor recollection, dissemblance, even lying, can in many cases be well-managed through cross-examination.
 
 Bologna v. Schlanger,
 
 995 So.2d 526, 528 (Fla. 5th DCA 2008),
 
 review denied,
 
 7 So.3d 1098 (Fla.2009) (citing
 
 Gehrmann v. City of Orlando,
 
 962 So.2d 1059, 1062 (Fla. 5th DCA 2007)). A mere testimonial discrepancy is ordinarily not enough; there must be clear and convincing evidence of a scheme calculated to evade or stymie the discovery of facts central to the case.
 
 Id.; see also Cox; compare Ruiz v. City of Orlando,
 
 859 So.2d 574 (Fla. 5th DCA 2003). In other words, “allegations of inconsistency, nondisclosure, and even falseness, are best resolved by allowing the parties to bring them to the jury’s attention through cross examination or impeachment, rather than by dismissal of the entire action.”
 
 Grana-dos.
 

 The case now before us is not one of poor recollection or dissemblance; it is one where the three claimants over a span of six years lied repeatedly about Mr. Sun’s employment and his abilities to perform even the most basic functions of daily life. Moreover, the appellees did not simply make a bald and unsupported accusation to this effect. Rather, the appellants, who now admit that they knew at all times that they were supposed to give truthful and accurate answers, repeatedly chose not to do so out of some sort of purported desperation connected with Mr. Sun’s now acknowledged employment in China. They lied on virtually every discovery occasion to their own attorneys and experts, as well as to the appellees, making it virtually impossible for the appellees to defend
 
 *1078
 
 against the damage claims advanced by the appellants.
 
 [1]
 

 The utterly deceitful behavior of the appellants most certainly fits the standard for dismissal of their suit. The deceit was, indeed, sentiently set in motion in order to interfere with the judicial system’s ability to adjudicate the subject case fairly and impartially. As we conclude that the trial court did not abuse its discretion in finding that the appellants’ complaint should be dismissed, we affirm.
 

 AFFIRMED.
 

 PALMER and LAWSON, JJ., concur.
 

 [1]
 

 . In
 
 Granados,
 
 979 So.2d 1155 (Fla. 5th DCA 2008), we reversed a dismissal based on fraud on the court because the deceit did not rise to the level of "extreme.” The plaintiff had disclosed the name of her physician during discovery, and the information to refute her damage claims was easily obtained from that source. As we noted in that opinion, the nondisclosure "did not unfairly hamper the preparation of the defense.”
 
 Id.
 
 at 1158. That certainly cannot be said of the calculated and widespread deceit evident in the case before us.