PER CURIAM.
 

 Robert Allen Perrine appeals an order of dismissal in favor of Robert Eugene Henderson and Swell Construction Company, Inc.
 
 [1]
 
 On appeal, Mr. Perrine alleges that the trial court abused its discretion by dismissing his complaint for fraud on the court. After two thorough hearings, the trial court dismissed Mr. Perrine’s case, concluding that he had made numerous material misrepresentations regarding his medical history and current injuries, all of which were core issues in the case. We affirm.
 

 Trial courts have the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court.
 
 Wenwei Sun v. Aviles,
 
 53 So.3d 1075, 1076-77 (Fla. 5th DCA 2010). However, this power should be exercised cautiously, sparingly, and only on a clear showing of fraud.
 
 Ramey v. Haverty Furniture Cos.,
 
 993 So.2d 1014, 1018 (Fla. 2d DCA 2008). Courts act cautiously in dismissing on this basis because the Florida Constitution guarantees court availability to every person to redress injury.
 
 Wen-wei Sun,
 
 58 So.3d at 1076-77;
 
 Granados v. Zehr,
 
 979 So.2d 1155 (Fla. 5th DCA 2008).
 

 In
 
 Cox v. Burke,
 
 706 So.2d 43, 46 (Fla. 5th DCA 1998), this Court set forth the applicable test to dismiss a case for fraud:
 

 The requisite fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sen-
 
 *1212
 
 tiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense. When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Because dismissal sounds the death knell of the lawsuit, courts must reserve such strong medicine for instances where the defaulting party’s misconduct is correspondingly egregious. The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders. Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances.
 

 (Internal quotations and citations omitted). Misconduct that falls short of the rigors of this test, including inconsistency, nondisclosure, poor recollection, dissemblance and even lying, is insufficient to support a dismissal for fraud, and, in many cases, may be well-managed and best resolved by bringing the issue to the jury’s attention through cross-examination.
 
 Bologna v. Schlanger,
 
 995 So.2d 526, 528 (Fla. 5th DCA 2008);
 
 Granados,
 
 979 So.2d at 1158;
 
 Gehrmann v. City of Orlando,
 
 962 So.2d 1059, 1062 (Fla. 5th DCA 2007). Hence, there must be clear and convincing evidence of a “scheme calculated to evade or stymie discovery of facts central to the case.”
 
 Bologna,
 
 995 So.2d at 528. That evidence was present here.
 

 Having reviewed the entire record thoroughly, we conclude the trial court did not abuse its discretion by dismissing Mr. Per-rine’s action based on his significant and repeated misrepresentations.
 

 AFFIRMED.
 

 ORFINGER, C.J., PALMER and COHEN, JJ., concur.
 

 [1]
 

 . The derivative claim brought on behalf of Mr. Perrine's children was also dismissed.