PALMER, J.
Tia Gautreaux appeals the trial court’s order dismissing her personal injury case for fraud on the court. Determining that the facts of this case were not sufficient to support dismissal, we reverse.
Gautreaux sued Rafael Estrada Maya for negligence in connection with an automobile accident. Gautreaux’s alleged primary continuing injury from the accident was migraine headaches. Maya filed a motion to dismiss Gautreaux’s lawsuit for fraud on the court, alleging that Gautreaux falsely stated, in her deposition and to a post-accident treating physician, that she had never had headaches before the accident. At a hearing on the motion, the following documentary evidence was presented.
At her deposition two years after the accident, Gautreaux testified:
Q Have you ever suffered from headaches before this accident?
A No, ma’am.
The same month, Gautreaux was examined by a neurologist, whose report contained the following:
CHIEF COMPLAINTS: 1. Headache
2. Neck pain
3. Low back pain
HISTORY OF PRESENT ILLNESS: The patient relates prior to [the date of the accident] she did not have these problems.
An intake form in the neurologist’s office regarding headache symptoms contained the handwritten notation, “per pt never had before.” In his deposition, the neurologist explained that that notation was made by his medical assistant. He was then asked by Maya’s counsel:
Q So the patient relays to someone in your office that she never had headaches before; is that accurate?
A Of this type, correct.
Two and a half years before the accident, Gautreaux indicated, on a medical history form, that she had “frequent headaches.” In addition, hospital records revealed that a year before the accident, Gautreaux went to the emergency room for pain and pressure in her eye. A nurse’s report from the visit noted that Gautreaux’s chief complaint was “headache,” and that she had a history of migraine headaches. A physician’s report similarly noted that Gau-treaux’s complaint was of a migraine headache that “started 3 days ago” and was “described as similar to previous headaches.” The report noted a history of “chronic headaches.” Maya obtained these hospital records after Gautreaux’s interrogatory answers disclosed that she had been treated at that hospital.
After Maya served the motion to dismiss, at a second deposition, Gautreaux claimed that the question about “headaches” at her first deposition had confused *149 her, “because headaches is plural.” She also said she “remembered now” that she once had a “really bad headache,” but she had just thought of it as sinus pressure behind her eye.
The trial court granted the motion, dismissing the lawsuit with prejudice for fraud on the court. Gautreaux argues that the court reversibly erred in so ruling. We agree.
This court reviews a dismissal for fraud on the court for abuse of discretion. See Perrine v. Henderson, 85 So.3d 1210, 1212 (Fla. 5th DCA 2012); Sun v. Aviles, 53 So.3d 1075 (Fla. 5th DCA 2010); Bologna v. Schlanger, 995 So.2d 526, 528 (Fla. 5th DCA 2008). However, such a dismissal must be supported by clear and convincing evidence. Perrine, 85 So.3d at 1212; Sun, 53 So.3d at 1077; Villasenor v. Martinez, 991 So.2d 433, 436 (Fla. 5th DCA 2008). Thus, the abuse-of-discretion standard of review “is somewhat narrowed” in this context, “as it must take into account the heightened standard of clear and convincing evidence.” Suarez v. Benihana Nat’l of Fla. Corp., 88 So.3d 349, 352 (Fla. 3d DCA 2012) (quotation marks omitted). Further, where the trial court does not receive live testimony, appellate deference is furthered narrowed, because the appellate court’s review is based on the same record. See Ruiz v. City of Orlando, 859 So.2d 574, 576 (Fla. 5th DCA 2003).
Fraud on the court means that
a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense. When reviewing a case for fraud, the court should consider the proper mix of factors and carefully bal-anee a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Because dismissal sounds the death knell of the lawsuit, courts must reserve such strong medicine for instances where the defaulting party’s misconduct is correspondingly egregious .... Because dismissal is the most severe of all possible sanctions, ... it should be employed only in extreme circumstances.
Cox v. Burke, 706 So.2d 48, 46 (Fla. 5th DCA 1998) (quotation marks and citations omitted). We have described the Cox standard as “narrow,” Ruiz, 859 So.2d at 575, and “stringent,” Sun, 53 So.3d at 1076; Gehrmann v. City of Orlando, 962 So.2d 1059, 1061 (Fla. 5th DCA 2007). “Misconduct that falls short of the rigors of this test, including inconsistency, nondisclosure, poor recollection, dissemblance and even lying, is insufficient to support a dismissal for fraud, and, in many cases, may be well-managed and best resolved by bringing the issue to the jury’s attention through cross-examination,” Perrine, 85 So.3d at 1212; see Sun, 53 So.3d at 1077, and by “traditional discovery sanctions,” Villasenor, 991 So.2d at 436; Ruiz, 859 So.2d at 576. Thus, a trial court’s authority to dismiss a lawsuit based on fraud “should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing.” Sun, 53 So.3d at 1076 (quotation marks omitted); accord Villasenor, 991 So.2d at 435.
In other words, when seeking dismissal of a lawsuit for fraud on the court, “[a] mere testimonial discrepancy is ordinarily not enough.” Sun, 53 So.3d at 1077; accord Bologna, 995 So.2d at 528. Rather, to warrant dismissal, the party’s conduct must show “a scheme calculated to evade or stymie discovery of facts central *150 to the case.” Perrine, 85 So.3d at 1212 (quotation marks omitted); Bologna, 995 So.2d at 528; accord Sun, 53 So.3d at 1077. “Courts act cautiously in dismissing on this basis because the Florida Constitution guarantees court availability to every person to redress injury.” Perrine, 85 So.3d at 1211; accord Sun, 53 So.3d at 1076-77.
The facts of this case do not meet the narrow, stringent standard required for dismissal for fraud on the court. Although Maya showed a “testimonial discrepancy,” Sun, he failed to show “a scheme calculated to evade or stymie discovery of facts central to the case,” Per-rine. Gautreaux’s misrepresentation of her lack of prior headaches did not rise to the level of “the most blatant showing of fraud, pretense, collusion, or other similar wrong doing.” Sun. Accordingly, the dismissal order must be reversed.
REVERSED and REMANDED.
GRIFFIN and JACOBUS, JJ., concur.