EVANDER, J.
The sole issue in this appeal is whether the trial court erred in dismissing with prejudice a personal injury action filed by Joshua Bosque based upon his purported fraud on the court. We conclude that there was insufficient evidence to support the dismissal and, accordingly, reverse.
Bosque sued the defendant for negligence resulting from an automobile collision that occurred on January 14, 2010. Bosque claimed that as a result of the collision, he sustained injuries to his neck, upper back, and lower back. Ultimately, Bosque underwent laser surgery on his lower back in December 2010.
*401 Shortly after the commencement of the case, the defendant propounded interrogatories and a request for production upon Bosque. The interrogatory pertinent to this case read as follows:
20) List any automobile accidents, slip and falls, worker’s compensation claims, etc. for which you have reported an injury in the past ten years with specific dates of injury, and describe in detail the type, extent of the injury and any medical treatment which you have received for the injury, and indicate the names and addresses of the treating physicians and whether they assigned you a disability rating. If so, state what this disability rating was and to what party [sic] of your body it applied.

ANSWER:

None.
The request for production served on Bos-que sought, inter alia, “copies of any and all medical reports, hospital reports, emergency room reports, consultations, and reports from any health care provider pertaining to the treatment of the Plaintiff for any injuries sustained in the accident described in Plaintiffs Complaint.” One of the documents produced by Bosque in response thereto was an initial treatment note from Sunshine State Medical, Inc., regarding Bosque’s visit on the date of the collision. That note contained a statement regarding Bosque’s medical history, which read: “History reveals one previous accident but no injuries were claimed from the incident.”
Six months later, the defendant deposed Bosque. In that deposition, Bosque answered “no” when asked if he had ever been involved in a car accident prior to January 14, 2010. He also denied any prior injuries to his lower back or neck.
Bosque was twenty years old at the time of his deposition. In his deposition, he disclosed that he had previously attended Herzing University. Subsequent to the deposition, the defendant subpoenaed Bos-que’s student records from Herzing. Included in the documents was an unsigned note purportedly prepared in conjunction with a physical examination that Bosque was required to undergo as a condition to taking a particular class. That note read:
MVA 2 yr. ago 0 pain today. LBP under chiropractic eval.
Thereafter, the defense hired an investigator to research whether Bosque had been involved in a prior accident. That investigation resulted in the discovery that Bos-que had been a passenger in a vehicle that had skidded off the road and overturned. At the time of the prior accident, which occurred in 2006, Bosque was sixteen years old. The Orange County Fire Rescue Department patient care report for the incident reflected that Bosque declined “transport,” and denied any head, neck, or back pain. The only injury cited on the patient care report was a “small laceration” to Bosque’s right forearm.
Without first taking any further steps to determine whether, in fact, Bosque had previously received chiropractic treatment and, if so, the nature of such treatment, the defendant filed a motion to dismiss Bosque’s complaint for fraud on the court. After a non-evidentiary hearing, the trial court granted the defendant’s motion finding that Bosque’s non-disclosure had “eviscerate[d] the defense’s ability to provide a defense and does rise to a scheme to defraud.”
Although this court reviews a dismissal for fraud on the court under an abuse of discretion standard, that standard of review is “somewhat narrowed” to take into account that the dismissal must be established by clear and convincing evidence. Gautreaux v. Maya, 112 So.3d 146, 149 (Fla. 5th DCA 2013). Further *402 more, where the trial court does not receive live testimony, appellate deference is further narrowed because the appellate court’s review is based on the same record. Id.
To support a dismissal for fraud on the court, the movant must establish, by clear and convincing evidence,
that a party has senti'ently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.
Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998). Because dismissal sounds the “death knell of a lawsuit,” courts must reserve this remedy for instances where a party’s conduct is “egregious.” Id. The dismissal of a lawsuit for fraud on the court is an extraordinary remedy to be utilized only when a deliberate scheme to subvert the judicial process has been clearly and convincingly proved. Bologna v. Schlanger, 995 So.2d 526, 528 (Fla. 5th DCA 2008). As we explained in Bologna, “poor recollection, dissemblance, even lying, can be well managed through cross-examination.” Id.
Here, the record does not establish, by clear and convincing evidence, that Bos-que engaged in “a deliberate scheme to subvert the judicial process” by failing to disclose his involvement in the 2006 car accident. Although Bosque’s deposition answer on this matter was apparently false, it is noteworthy that in response to an earlier request for production, Bosque produced a document reflecting that he had, in fact, been in a previous accident.[1]
Similarly, the record does not establish, by clear and convincing evidence, that Bosque engaged in “a deliberate scheme to subvert the judicial process” by failing to disclose prior chiropractic treatment. Even assuming that the unsigned note in Bosque’s student record accurately reflected that he had previously undergone a chiropractic evaluation, the record does not reflect whether Bosque had received chiropractic treatment and, if so, the extent thereof.
REVERSED and REMANDED.
SAWAYA and ORFINGER, JJ., concur.

. It is unclear whether Bosque’s answer to interrogatory number 20 was inaccurate, given that the interrogatory requested a list of automobile accidents for which Bosque reported an injury. The Orange County Fire Rescue Department's patient care report does not reflect that Bosque “reported an injury.” Rather, the report suggests that the emergency responders examined Bosque and accepted his request to have a family member take him home.