PER CURIAM.
Jose. Guillen appeals the Final Judgment of Dismissal with Prejudice rendered by the trial court in favor of Appellees, Mai So Vang and Yang Xiong. The trial court held that based on a surveillance DVD, Guillen, who was injured in an automobile accident allegedly caused by Appellees, perpetrated a fraud on the court by performing activities, shown on the DVD, that he allegedly claimed he could not perform in his deposition testimony. We do not believe that the surveillance DVD constitutes clear and convincing evidence that Guillen has “ ‘sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.’” Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115,1118 (1st Cir.1989)).
We believe that any discrepancies between Guillen’s testimony and the surveillance DVD are best resolved by a jury. See Perrine v. Henderson, 85 So.3d 1210, 1212 (Fla. 5th DCA 2012) (“Misconduct that falls short of the rigors of this test, including inconsistency, nondisclosure, poor recollection, dissemblance and even lying, is insufficient to support a dismissal for fraud, and, in many cases, may be well-managed and best resolved by bringing the issue to the jury’s attention through cross-examination.” (citations omitted)); Amato v. Intindola, 854 So.2d 812, 816 (Fla. 4th DCA 2003) (“The fact that a surveillance tape shows discrepancies usually affects the jury’s view of the case, but in this case it does not merit a dismissal with prejudice to appellant’s case.”); Jacob v. Henderson, 840 So.2d 1167, 1170 (Fla. 2d DCA 2003) (“ ‘In all but the most extreme cases, our system entrusts juries with the ultimate decisions as to whether claimed injuries are genuine or not. .Our experience has demonstrated that juries deserve this trust and that they are well able to discern the truth and to render judgment accordingly.’ ” (quoting Francois v. Harris, 366 So.2d 851, 852 (Fla. 3d DCA 1979))). Therefore, we reverse the judgment under review and remand this case for further proceedings.
REVERSED and REMANDED.
TORPY, C.J., SAWAYA, and BERGER, JJ., concur.