IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROGER NIEHAUS,

     Appellant,

 v.                                    Case No.  5D17-470

DENNIS E. DIXON AND
TINA M. NIEHAUS,

     Appellees.

_____/

Opinion filed February 16, 2018

Appeal from the Circuit Court
for Putnam County,
Scott C. DuPont, Judge.

R. Kevin Sharbaugh, of Keyser &
Sharbaugh, P.A., Interlachen, for Appellant.

Zachery Lucas Keller, of Keller Legal,
Palatka, for Appellee, Dennis E. Dixon.

No Appearance for Appellee, Tina M.
Niehaus.

ON APPELLEE'S MOTION FOR CLARIFICATION

LAMBERT, J.

     We deny Appellee, Dennis Dixon's, motion for clarification[1] of our December 29,

2017 opinion.  Nevertheless, on our own motion and unrelated to any matters raised in

_____

     [1] Contrary to his inference stated in his motion, Appellee is not the prevailing party
in this appeal.  We reversed the final order under review with directions that the trial court

Dixon's motion for clarification, we withdraw our prior opinion and issue the following opinion in its stead.

Roger Niehaus appeals the final order dismissing his negligence action with prejudice as a sanction for committing fraud upon the court. In its order, the trial court found eight separate instances where it concluded that Niehaus made "false statements" or committed acts of intentional concealment. Because we hold that at least two of these findings were not supported by competent substantial evidence, we reverse the final order and remand for the trial court to reconsider whether the remaining findings in its order cumulatively support its conclusion that Niehaus committed a fraud upon the court.

Niehaus filed suit against Dixon, alleging that Dixon negligently struck him in the head with the wing of an airplane that Dixon was operating, resulting in personal injury and damages to Niehaus. Dixon denied the allegations, instead asserting that as he was attempting to taxi the plane off the runway, Niehaus ran toward the aircraft, slammed his fist into the right wing of the plane, and then fell to the ground, exclaiming that Dixon had struck him with the aircraft. The parties thereafter engaged in fairly contentious litigation over the next three years, culminating in Dixon filing a motion to dismiss Niehaus's complaint for fraud upon the court based upon Niehaus's: (1) failing to disclose that he had been in an automobile accident resulting in injuries ten months earlier, (2) repeatedly lying during his deposition, and (3) intentionally concealing pertinent medical history from

re-evaluate the remaining grounds and reconsider whether, in light of the opinion, the remedy of dismissal with prejudice is still appropriate. Contrary to Appellee's belief, the opinion does not "implicitly" find that dismissal remains appropriate nor does it otherwise indicate to the trial court that it should again so determine.

his retained expert. The trial court held an evidentiary hearing on this motion and rendered the final order now under review.

Fraud upon the court is where "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989)). A dismissal for fraud upon the court must be supported by clear and convincing evidence, *Gautreaux v. Maya*, 112 So. 3d 146, 149 (Fla. 5th DCA 2013) (citing *Perrine v. Henderson*, 85 So. 3d 1210, 1212 (Fla. 5th DCA 2012)), and because such a dismissal with prejudice is an extreme remedy that sounds the "death knell of a lawsuit," trial courts are reminded that they should use the power of dismissal cautiously, sparingly, and only where a party's conduct is egregious. *Cox*, 706 So. 2d at 46.

On appeal, a trial court's findings of fact upon which it bases a dismissal for fraud upon the court will be upheld if they are supported by competent substantial evidence. *See T.S. ex rel. D.H. v. Dep't of Child. & Fams.*, 969 So. 2d 494, 495 (Fla. 1st DCA 2007) (stating that a trial court's findings of fact pursuant to the clear and convincing evidence burden of proof are reviewed under the competent substantial evidence appellate standard of review (citing *N.L. v. Dep't of Child. & Fam. Servs.*, 843 So. 2d 996, 999 (Fla. 1st DCA 2003))). While the trial court's conclusion that a fraud upon the court has occurred and its decision to dismiss the case with prejudice are reviewed for an abuse of discretion, appellate courts employ a more scrupulous and less deferential abuse of discretion standard in such cases to account for the heightened "clear and convincing"

3

evidentiary burden and the gravity of the sanction. *See Gautreaux*, 112 So. 3d at 149 (quoting *Suarez v. Benihana Nat'l of Fla. Corp.*, 88 So. 3d 349, 352 (Fla. 3d DCA 2012)); *see also Jimenez v. Ortega*, 179 So. 3d 483, 487 (Fla. 5th DCA 2015) ("[A] more stringent abuse of discretion standard is appropriate [in reviewing a dismissal for fraud upon the court] because dismissal is an extreme remedy." (quoting *Jacob v. Henderson*, 840 So. 2d 1167, 1169 (Fla. 2d DCA 2003))).

In the first ground justifying dismissal for fraud upon the court, the trial court found that Niehaus did not disclose that he had suffered injuries from a car accident ten months earlier. The court erred in this finding because Niehaus did, in fact, provide pertinent information and records about this accident when requested, but had not disclosed this information earlier because Dixon admittedly did not ask Niehaus about prior injuries or accidents in his initial discovery. Niehaus was under no obligation to voluntarily provide records or other information prior to being asked by Dixon.

In the eighth ground found by the court for dismissal, the court concluded that Niehaus's testimony at the hearing on his motion was fraudulent. Niehaus was presented with two photographs taken on different days that Dixon argued evidenced Niehaus's ability to work on airplanes, allegedly contradicting Niehaus's claim that he could no longer work on planes. In response, Niehaus testified that one photo showed him working on a plane and the second appeared to show that he was sitting on a stool taking a break but that he "probably" had been working on a plane. Niehaus further explained that he was still physically able to work on planes; however, due to problems with his memory, he would not be able to pursue obtaining a license in airplane maintenance but could work on airplanes if supervised. The court commented that the second photo appeared

4

to show Niehaus working on a plane, to which Niehaus testified that it looked as if he was "looking for a screw or something in a screw can." The court then concluded that Niehaus had changed his testimony in response to the court's comment and that this "false testimony" constituted fraud upon the court under the standard described in *Cox*. We disagree. Assuming that Niehaus's comment in response to the trial court was a "change" in testimony, we find that the court abused its discretion as this testimony did not clearly and convincingly demonstrate fraud.

Finally, although we have concern about whether some of the remaining six grounds found by the court in its final order would individually qualify as evidence of fraud upon the court, we believe that the analysis of whether these six grounds cumulatively qualify for the extraordinary remedy of dismissal with prejudice is initially best left to the trial court. In doing so, we are mindful of the trial court's finding in its order that any one of the false statements made by Niehaus would warrant dismissal. Having reviewed the record, we disagree with the trial court that if Niehaus had only made one of the "false" statements described in the final order that dismissal would be warranted under *Cox* and its progeny.

We also dismiss for lack of jurisdiction that part of the appeal challenging the trial court's award of attorney's fees to Dixon because, while the trial court found that Dixon is entitled to attorney's fees, it did not set an amount. *See Mills v. Martinez*, 909 So. 2d 340, 342 (Fla. 5th DCA 2005) (explaining that an order determining entitlement to attorney's fees was not a final order despite being included in a final judgment because "[a]n award of attorneys' fees does not become final, and, therefore, appealable until the amount is set by the trial court" (citing *Sanders v. Palmieri*, 849 So. 2d 417, 417 (Fla. 5th DCA

5

2003))).  We further dismiss for lack of jurisdiction that part of the appeal challenging the trial court's decision to refer Niehaus to the State Attorney's Office of the Seventh Judicial Circuit to investigate whether Niehaus committed perjury in the circuit court proceedings,[2] and to refer Niehaus's counsel, Timothy Keyser, to the "Professional Ethics Committee of The Florida Bar for investigation into his actions in the course of this litigation."

Accordingly, we reverse the final order of dismissal with prejudice and remand for the trial court to reconsider and re-evaluate whether the remaining six findings in its order cumulatively support dismissal with prejudice for fraud upon the court.  We dismiss those parts of the appeal challenging the referral of Niehaus to the State Attorney's Office of the Seventh Judicial Circuit, the referral of his counsel to The Florida Bar, and the award of attorney's fees to Dixon without setting an amount.

REVERSED in part; DISMISSED in part; and REMANDED.

COHEN, C.J., and PALMER, J., concur.

---

[2] At oral argument, Niehaus's counsel suggested that this issue may be moot.