DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONIDA GOGA, GENTIAN ZELKA, J.Z.,** a minor,
and **A.Z.,** a minor,
Appellants,

v.

**PUBLIX SUPERMARKETS, INC.,**
Appellee.

No. 4D2023-0011

[January 24, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. CACE20-015950.

Annabel C. Majewski of Wasson & Associates, Chartered, Miami, and Morton Antman of Morton Antman, P.A., Fort Lauderdale, for appellant Jonida Goga.

Edward George Guedes and Richard Bradlee Rosengarten of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for appellee.

CONNER, J.

The plaintiff appeals the dismissal of her personal injury action filed after she slipped and fell at the defendant's store. Dismissal was granted for fraud on the court. Because we determine the trial court did not properly balance the policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system, we affirm in part, reverse in part, and remand for further proceedings.

*Background*

The plaintiff sued the defendant, alleging she slipped and fell at one of its stores. She alleged her slip and fall was caused by another customer dropping green dish soap on the floor. Her injuries resulted in seven months of medical treatment to her spine.

More than two years after her slip and fall, and more than a year after her last medical treatment, the plaintiff answered interrogatories which included a question asking her to specify the injured parts of her body and the effects of injuries which she claimed were permanent. Her response stated, among other things, that she: "Cannot lift anything heavy. Can't do any physical/sport activities can't walk or stand for long periods. . . . [C]an't go places with both children alone. . . . Severe pain post-op. . . . Not a mother I was. 34 years old will never be able to do activities I did pre fall."

Less than a month later, the plaintiff was deposed, and the defendant's attorney asked questions about how injuries from her fall limited her abilities. The plaintiff testified unequivocally that she could not lift her young children and had not lifted them at all since her fall. She also testified unequivocally that she could not bend at the waist. When asked to describe "is there anything that you cannot do now that you used to do before," her response was "[T]here's a lot of can'ts." Specific deposition answers painted a picture of severe limitations in terms of range of motion, standing, walking, and lifting.

Three months after her deposition, the plaintiff answered a supplemental interrogatory regarding her claim for past and future income and benefit losses and earning capacity. Her response again painted a picture of severe limitations.

During the three months preceding the plaintiff's initial response to interrogatories and her deposition, the defendant had hired a private investigator to conduct video surveillance of the plaintiff's activities. The investigator conducted three different video surveillances during that three-month period. Between the dates of the plaintiff's deposition and her supplemental interrogatory response, the investigator filmed another video surveillance. After the plaintiff's supplemental interrogatory response, the investigator filmed two more video surveillances.

Based on the information gleaned from the video surveillances, the defendant filed a motion to dismiss for fraud on the court. The motion contended the plaintiff's sworn discovery responses and deposition testimony demonstrated that the plaintiff "made a conscious choice to repeatedly lie under oath about her injuries and limitations, in an attempt to gain an unfair advantage in this litigation." Citing *Willie-Koonce v. Miami Sunshine Transfer & Tours Corp.*, 233 So. 3d 1271 (Fla. 3d DCA 2017), as "extremely analogous," the motion contended the entire action should be dismissed for fraud on the court.

The trial court conducted an evidentiary hearing on the motion to dismiss, viewing the several videos described in the motion to dismiss. Multiple videos depicted the plaintiff picking up and carrying her children across parking lots, loading and unloading her vehicle with multiple bags of purchases, walking, and bending at the waist, all without any hesitancy or movements indicating pain or limitations. The plaintiff testified at the hearing and was given the opportunity to explain the apparent discrepancies between her sworn discovery and deposition statements as compared to what was depicted in the videos.

The trial court entered a detailed order with extensive findings of fact, granted the motion, and dismissed the entire action with prejudice. The trial court specifically found by clear and convincing evidence that the plaintiff intentionally lied on multiple occasions about her limitations, her testimony at the evidentiary hearing was not credible, and the cumulative effect of the plaintiff's lies was evidence of "[t]he plaintiff's gamesmanship and disrespect for the judicial process." The trial court found the plaintiff's lies permeated the entire proceeding and justified dismissal of the entire action.

After the trial court entered its judgment of dismissal, the plaintiff gave notice of appeal.

*Appellate Analysis*

"A trial court's dismissal of a claim for fraud upon the court is reviewed under a more stringent abuse of discretion standard, as the trial court's discretion is narrowed where dismissal is imposed as a sanction for fraudulent conduct." *Beseler v. Avatar Prop. & Cas. Ins. Co.*, 291 So. 3d 137, 139 (Fla. 4th DCA 2020). Fraud on the court must be established by clear and convincing evidence. *Arzuman v. Saud*, 843 So. 2d 950, 952 (Fla. 4th DCA 2003). Additionally, "[t]he standard of appellate review of a 'clear and convincing finding' is whether the finding is supported by competent, substantial evidence." *Herman v. Intracoastal Cardiology Ctr.*, 121 So. 3d 583, 588 (Fla. 4th DCA 2013); *Wigley v. Hares*, 82 So. 3d 932, 946 (Fla. 4th DCA 2011).

The plaintiff contends that the trial court's dismissal of the action is erroneous because it was not based upon clear and convincing evidence. Specifically, the plaintiff argues that the defendant failed to prove the plaintiff knowingly and intentionally prevented the defendant from defending against her claim. The plaintiff also argues dismissal of the entire action was an abuse of discretion where the defendant is not prejudiced, and a lesser sanction will suffice.

3

The defendant responds that dismissal of an entire action is proper where "plaintiffs [] are caught swearing to unequivocal falsehoods, as opposed to debatable characteristics, and where the trial court finds unbelievable the culpable plaintiff's attempts to explain away their false testimony."

"The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court. . . ." *Herman*, 121 So. 3d at 588 (quoting *Kornblum v. Schneider*, 609 So. 2d 138, 139 (Fla. 4th DCA 1992)).

In *Arzuman*, we said:

> The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. *Id.* at 1117–18. Because "dismissal sounds the 'death knell of the lawsuit,' courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." *Id.* at 1118.

843 So. 2d at 952 (quoting *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)). Notably, dismissal for fraud on the court is a severe remedy; therefore, to sustain a dismissal, the fraud must be established by clear and convincing evidence. *Id.* (citation omitted); *see also Gilbert v. Eckerd Corp. of Fla., Inc.*, 34 So. 3d 773, 776 (Fla. 4th DCA 2010) ("It is the moving party's burden to establish by clear and convincing evidence that the non-moving party has engaged in fraudulent conduct warranting dismissal.") (citation omitted).

Because this remedy is so severe, dismissal should be applied only in the most extreme circumstances. *Gilbert*, 34 So. 3d at 776; *see also Kornblum*, 609 So. 2d at 139 ("Because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances."). "Courts act cautiously in dismissing on this basis

because the Florida Constitution guarantees court availability to every person to redress injury." *Perrine v. Henderson*, 85 So. 3d 1210, 1211 (Fla. 5th DCA 2012) (citations omitted).

"When imposing the sanction of dismissal for fraud upon the court, trial courts should weigh the 'policy favoring adjudication on the merits' with the need to 'maintain the integrity of the judicial system.'" *Herman*, 121 So. 3d at 588 (quoting *Arzuman*, 843 So. 2d at 952). "The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way." *Cox*, 706 So. 2d at 47. Thus, "[a] trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed 'a fraud on the court which permeates the entire proceedings.'" *Chacha v. Transp. USA, Inc.*, 78 So. 3d 727, 730 (Fla. 4th DCA 2012) (quoting *McKnight v. Evancheck*, 907 So. 2d 699, 700 (Fla. 4th DCA 2005)).

In balancing the policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system, trial courts must keep in mind that "[m]isconduct that falls short of the rigors of [the fraud on the court] test, including inconsistency, nondisclosure, poor recollection, dissemblance and <u>even lying</u>, is insufficient to support a dismissal for fraud, and, in many cases, may be well-managed and best resolved by bringing the issue to the jury's attention through cross-examination." *Perrine*, 85 So. 3d at 1212 (emphasis added) (citations omitted). "In other words, 'allegations of inconsistency, nondisclosure, and even falseness, are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action.'" *Wenwei Sun v. Aviles*, 53 So. 3d 1075 (Fla. 5th DCA 2010) (quoting *Granados v. Zehr*, 979 So. 2d 1155, 1158 (Fla. 5th DCA 2008)). However, "utterly deceitful behavior . . . most certainly fits the standard for dismissal of the[] suit." *Id.* at 1078. The multiplicity of the deceit is also a factor to be considered in determining if there is an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Aviles*, 53 So. 3d at 1077 (citation omitted); *see also Perrine*, 85 So. 3d at 1211 (citation omitted).

The determination of whether clear and convincing evidence of an unconscionable scheme exists "will almost always require an evidentiary hearing." *Bologna v. Schlanger*, 995 So. 2d 526, 528 (Fla. 5th DCA 2008); *see also Gilbert*, 34 So. 3d at 777 ("[W]e believe the better practice is for

5

the trial court to conduct an evidentiary hearing on the motion and make specific findings."). The trial court in the instant case conducted an evidentiary hearing, offering the plaintiff the opportunity to explain the discrepancies between her sworn discovery and deposition statements and the video evidence in support of the motion to dismiss.

Our preliminary determination is whether the trial court's findings are supported by competent, substantial evidence. If that standard is met, we then review the trial court's legal conclusions for abuse of discretion.

> In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial judge abused [their] discretion. If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.

*Bass v. City of Pembroke Pines*, 991 So. 2d 1008, 1011 (Fla. 4th DCA 2008) (quoting *Morgan v. Campbell*, 816 So. 2d 251, 252 (Fla. 2d DCA 2002)) (other quotation marks omitted). Additionally, we have said in reviewing an order granting dismissal that the appellate court should defer to the "specific findings by the trial court" where the trial court has had the opportunity to evaluate the credibility of the plaintiff as to explanations for the identified discrepancies in the plaintiff's statements, even if the reviewing court determines the evidence shows a "close call." *Herman*, 121 So. 3d at 589.

Our review of the record confirms competent, substantial evidence was presented to support the trial court's finding that, clearly and convincingly, the plaintiff had intentionally lied about the extent of her movement limitations and pain after medical treatment for her fall in the defendant's store. More importantly, the trial court specifically found the plaintiff's explanations for the discrepancies between her sworn discovery and deposition statements and the surveillance videos were not credible. The trial court further found the plaintiff's testimony at the evidentiary hearing was not only "incredulous," but demonstrated "the plaintiff's gamesmanship and disrespect for the judicial process." The trial court determined "[t]he record evidence demonstrates and supports the plaintiff's willingness under oath to withhold or distort the truth to achieve her own objectives comprehensively infects the integrity of this action" and the plaintiff "made a conscious choice to repeatedly lie under oath about her injuries and limitations, in an attempt to gain an unfair advantage in this litigation."

However, we conclude the trial court abused its discretion in dismissing the plaintiff's entire action as a sanction. Instead, given the evidence that the plaintiff underwent extensive medical treatment and procedures arising from her injuries, the proper remedy was to (1) permit the plaintiff to pursue her claim for her medical expenses occurring during her medical treatment, which would rely on objective evidence, but (2) preclude the plaintiff from pursuing her claims for pain and suffering damages and lost wages, which would have relied on the plaintiff's subjective testimony.

Our analysis focuses on the specific facts of this case which establish that the plaintiff intentionally lied under oath about the extent of her movement limitations and pain. This case is not like the numerous cases granting dismissal for fraud on the court where the plaintiff lied during discovery about prior injuries and prior medical treatment for preexisting conditions. The distinction is important because in *Kornblum*, we recognized that in cases "where the misconduct of a party or the party's counsel has permeated the entire proceeding, dismissal of the entire case has been upheld, but in others where the fraud or other misconduct pertained to only a part of the claim, dismissal of the unaffected legitimate part of the claim has been held to be too severe." 609 So. 2d at 139 (citations omitted).

We agree "[i]t is well-settled law 'that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution [she] has subverted to achieve [her] ends.'" *Jimenez v. Ortega*, 179 So. 3d 483, 489 (Fla. 5th DCA 2015). However, in reviewing whether the trial court in the instant case properly balanced a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system, we determine *Jimenez* to be instructive.

In *Jimenez*, the contested issues were lost wages and pain and suffering. *Id.* at 484. Liability, the costs of the plaintiff's medical expenses, and damage to the plaintiff's truck were not contested. *Id.* However, the plaintiff in *Jimenez* repeatedly lied under oath about the severity of his injuries. *Id.* at 487. In other words, in *Jimenez*, the dispute did not revolve around objective facts; instead, the dispute involved subjective facts.

The Fifth District determined the appropriate punishment for the severity of the plaintiff's lies about the severity of his injuries was dismissal of his claims for pain and suffering and lost wages because those damages rely upon an individual's subjective point of view and are difficult to defend against. *Id.* at 488. However, the Fifth District also observed that

7

"misconduct falling short of the test espoused in *Cox,* including inconsistency, nondisclosure, poor recollection, dissemblance, and <u>even lying</u> may be insufficient to support a dismissal for fraud." *Id.* (emphasis added). Additionally, the Fifth District noted that damages for medical costs and property loss are easily measured, and for that reason, concluded that under the *Cox* test, "dismissal of the entire action as a sanction is unwarranted . . . where the damages for property loss and medical expenses were undisputed."

Adopting the Fifth District's reasoning, we determine that the trial court did not appropriately balance the policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Thus, we conclude that dismissal of the entire action was improper.[1]

*Conclusion*

We agree the trial court properly dismissed the portion of the plaintiff's claim for damages regarding pain and suffering and lost wages. That is because the plaintiff's repeated pretrial lies about her limitations and pain demonstrate her willingness to lie under oath at trial, which "comprehensively infects the integrity of this action" seeking pain and suffering damages and lost wages. Thus, we determine that the plaintiff should not be allowed to pursue pain and suffering damages or lost wages damages because such evidence is prone to rely on the plaintiff's subjective testimony. The plaintiff remains entitled to pursue claims for medical expenses because such claims can be determined by objective evidence without reliance on the plaintiff's subjective testimony.

Thus, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded for further proceedings with instructions.*

GROSS and GERBER, JJ., concur.

*             *             *

---

[1] We are not convinced that the Third District's opinion in *Willie-Koonce* controls the outcome of this case because the opinion does not provide much analysis on the issue of balancing the policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system or deference to the trial court's findings after an evidentiary hearing on the motion to dismiss.

*Not final until disposition of timely filed motion for rehearing.*