931 So.2d 957 (2006)
John T. HUTCHINSON and Kathryn E. Hutchinson, Appellants,
v.
PLANTATION BAY APARTMENTS, LLC, Appellee.
No. 1D05-1679.
District Court of Appeal of Florida, First District.
May 15, 2006.
*958 M. Forest Hutchinson, III, Esq. of Hutchinson & Associates, Jacksonville, for Appellants.
Edward McCarthy, III, Esq. and Robert E. Pinder, Esq. of Rogers Towers, P.A., Jacksonville, for Appellee.
LEWIS, J.
Appellants, John and Kathryn Hutchinson, seek review of the trial court's order dismissing their case with prejudice and an order denying Mrs. Hutchinson's motion to enforce appellee's settlement proposal. Appellants contend that the trial court erred in dismissing their case because they did not engage in a clear and convincing scheme calculated to interfere with the trial court's impartial ability to adjudicate the matter, because Mr. Hutchinson has documented speech and memory problems, and because any factual inconsistencies did not warrant dismissal. Appellants also contend that the trial court erred in denying Mrs. Hutchinson's motion to enforce appellee's settlement proposal. Finding no merit in any of appellants' arguments, we affirm both orders and write only to address the trial court's dismissal of appellants' case.
Appellants, who leased an apartment from appellee, Plantation Bay Apartments, LLC, sued appellee for premises liability, failure to warn, and loss of consortium after Mr. Hutchinson fell on the sidewalk outside the couple's apartment between 6:30 a.m. and 7:30 a.m. on November 12, 2002, while in the process of moving. No one witnessed the fall. According to appellants' testimony, Mr. Hutchinson suffered cuts and scrapes on his arms and hands as a result of the fall. Appellants showed appellee's property manager the cuts and scrapes as evidence of the fall. During her deposition, Mrs. Hutchinson testified that she and her husband continued moving items from their apartment on the day of the fall and that she did not recall whether anything else happened that day. Mr. Hutchinson similarly testified during his deposition that he could not recall what else happened that day. When questioned about the alleged scars that he had on his arms and hands as a result of the fall, Mr. Hutchinson pointed to the base of his left thumb. Mr. Hutchinson denied having suffered from headaches, *959 tingling, neck and back pain, depression, or seizures prior to the fall.
In response to appellee's first set of interrogatories, which asked appellants to list all doctors and medical facilities that Mr. Hutchinson had treated with in the previous ten years, appellants listed Dr. William Solomon and Dr. Edward Waits. Appellants did not list St. Vincent's Medical Center ("St. Vincent's"). Appellee subsequently discovered that Mr. Hutchinson had been treated in St. Vincent's emergency department on November 12, 2002, the day of the fall, at approximately 9:30 a.m. for injuries suffered after one of his dogs attacked him. St. Vincent's medical records made no reference to the fall but instead showed that Mr. Hutchinson suffered a deep laceration at the base of his left thumb and scratches and bites on his arms and hands as a result of the dog attack. The attack ended after the dog was shot to death.
Dr. William Solomon, Mr. Hutchinson's primary physician, gave a videotaped sworn statement in which he testified that Mr. Hutchinson complained of seizures or seizure-like symptoms, headaches, dizziness, tingling, and back pain before the fall. Dr. Solomon diagnosed Mr. Hutchinson with depression prior to the fall. It was Dr. Solomon's opinion that the cognitive difficulties Mr. Hutchinson was suffering from would affect his ability to accurately recall facts.
Dr. Manly Kilgore, one of Mr. Hutchinson's treating physicians, testified that Mr. Hutchinson's fall caused him to suffer a brain injury, which led to a craniotomy. Dr. Kilgore testified that his opinion regarding the cause of the brain injury would change had Mr. Hutchinson suffered from seizures, dizziness, and frequent headaches prior to the fall. Dr. Kilgore opined that Mr. Hutchinson's ability to accurately recall facts and to testify would be affected by his injury and treatment.
After discovering the dog attack and Mr. Hutchinson's prior symptoms, appellee moved to dismiss the complaint on the basis of fraud. Following a hearing, during which Mr. Hutchinson testified, the trial court determined that appellants intentionally misrepresented Mr. Hutchinson's pre-accident medical history by denying that he had certain symptoms prior to the fall and that the misrepresentations went directly to the material issue of whether the symptoms were caused by the fall. The court rejected appellants' argument that Mr. Hutchinson suffered from memory problems, relying on Mr. Hutchinson's hearing testimony and the fact that Mrs. Hutchinson, who did not suffer from any memory problems and who was present during Mr. Hutchinson's depositions, did not attempt to correct or to add to Mr. Hutchinson's testimony. The court noted that, despite the alleged memory problems, Mr. Hutchinson had no problem remembering and recounting the complete details of the obviously traumatic dog attack during the hearing. The court also determined that appellants failed to disclose St. Vincent's or any of its physicians during discovery. Based upon the frequency of the misleading statements and omissions, the court concluded that appellants intentionally gave false and misleading answers calculated to stymie discovery on issues central to the case and that the fraud relating to the dog attack and Mr. Hutchinson's medical history permeated the entire proceeding. As a result, the court dismissed appellants' case with prejudice. This appeal followed.
A trial court's imposition of sanctions is reviewed for an abuse of discretion. Distefano v. State Farm Mut. Auto. Ins. Co., 846 So.2d 572, 574 (Fla. 1st DCA 2003). "`A trial judge has the inherent *960 authority to dismiss actions based on fraud and collusion.'" Id. (citation omitted). The requisite fraud on the court occurs when "`it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'" Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (citation omitted). Because dismissal is the most severe sanction, it should be employed only in extreme circumstances. Id.
Appellants argue that the trial court erred in dismissing their case with prejudice because they did not engage in a clear and convincing scheme calculated to interfere with the judicial system's ability to adjudicate the matter. We find this argument to be meritless. Not only did appellants attempt to conceal the dog attack, they also attempted to conceal Mr. Hutchinson's past symptoms. As the trial court found, appellants gave false or misleading answers in an attempt to stymie discovery on issues central to the case. While appellants attempted to excuse the concealment based on Mr. Hutchinson's alleged memory problems, the trial court rejected the evidence that Mr. Hutchinson was suffering from such problems. In doing so, the trial court relied on Mr. Hutchinson's hearing testimony and the fact that Mr. Hutchinson had no problem remembering and describing the complete details of the dog attack. The trial court also relied on the fact that Mrs. Hutchinson, who does not suffer from any memory problems and who was present at Mr. Hutchinson's depositions, never attempted to correct or add to Mr. Hutchinson's testimony.
Appellants also assert that any factual inconsistencies with respect to Mr. Hutchinson's medical history did not warrant dismissal. In support of their argument, appellants rely on Ruiz v. City of Orlando, 859 So.2d 574 (Fla. 5th DCA 2003), in which the Fifth District reversed an order dismissing the appellant's complaint. The appellant had filed suit against the appellee, alleging that it had negligently repaired or maintained a section of a road. 859 So.2d at 574. During her deposition, the appellant denied any prior back injury, such as a compression fracture or broken vertebra. Id. When asked if she suffered from any back problems, the appellant explained that she suffered from arthritis. Id. The appellee moved to dismiss the case based upon its discovery that the appellant had suffered a prior back injury as a result of a car accident that had occurred thirty-seven years earlier. Id. at 575. In reversing and remanding for reinstatement of the case, the Fifth District determined that the record suggested only that the appellant had made conflicting statements and that it had not been proven that she was falsely testifying. Id. at 576. The Fifth District explained, "Except in the most extreme cases, where it appears that the process of trial has itself been subverted, factual inconsistencies, even false statements are well managed through the use of impeachment and traditional discovery sanctions." Id.
As appellee argues, Ruiz is distinguishable from this case. Here, Mr. Hutchinson denied having experienced several symptoms prior to the alleged fall as compared to one condition in Ruiz. Additionally, Mr. Hutchinson was asked whether he suffered from the symptoms five years prior to the fall, as compared to Ruiz where the appellant's back injury occurred thirty-seven years prior to the accident at issue. Moreover, this case does not only involve Mr. Hutchinson's denial of past *961 symptoms. It also involves appellants' attempt to conceal the dog attack. As such, appellants' reliance on Ruiz is misplaced.
Given appellants' actions in this case, we conclude that the trial court did not abuse its discretion in dismissing their complaint with prejudice. See Distefano, 846 So.2d at 574 (affirming the order dismissing the appellant's case because the appellant claimed to have no injuries from her 1992 accident when the evidence showed that she claimed injuries in 1992 similar to the injuries claimed from a 1998 accident, she failed to reveal a 1999 accident when asked about any subsequent accidents, she made misrepresentations and gave false information regarding the physical limitations she faced as a result of the 1998 accident, and she gave false information or made misrepresentations regarding prior similar injuries); Morgan v. Campbell, 816 So.2d 251, 253-54 (Fla. 2d DCA 2002) (affirming the order dismissing the appellants' case and noting that while one of the appellants denied that she had ever experienced neck or low back pain before the accident, it was discovered she had been treated sixteen times based upon those complaints); Baker v. Myers Tractor Servs., Inc., 765 So.2d 149 (Fla. 1st DCA 2000) (affirming an order dismissing the appellant's case because the appellant's denial of a previous knee injury was directly related to a central fact necessary to establish his claim). We, therefore, affirm the order dismissing appellants' case with prejudice. We also affirm the order denying Mrs. Hutchinson's motion to enforce appellee's settlement proposal.
AFFIRMED.
WEBSTER and DAVIS, JJ., concur.