979 So.2d 1155 (2008)
Patricia GRANADOS, Appellant,
v.
Marianne ZEHR and Sonja S. Zehr, Appellee.
No. 5D07-515.
District Court of Appeal of Florida, Fifth District.
April 18, 2008.
*1156 Jose F. Garcia of Udowychenko & Garcia, P.A., Kissimmee, for Appellant.
Nicholas P. Evangelo, of Thompson, Recksiedler and Evangelo, P.A., and Elizabeth C. Wheeler, of Elizabeth C. Wheeler, P.A., Orlando, for Appellee.
MONACO, J.
The sole issue in this appeal is whether the trial court erred in dismissing with prejudice a personal injury action filed by the plaintiff, Patricia Granados, based on her purported fraud on the court. The fraud was founded on certain responses given by Ms. Granados to discovery propounded by the appellees, Marianne Zehr and Sonja S. Zehr. Because the disputed responses to discovery are insufficient to impose the ultimate sanction of dismissal with prejudice on the appellant, we reverse.
Ms. Granados filed a personal injury action against the appellees for injuries she incurred as a result of an automobile collision. In an answer to an interrogatory Ms. Granados denied that she had been suffering from any physical infirmity, disability or sickness at the time of the accident. In subsequent interrogatories she claimed that as a result of the accident, she injured her low back, neck and left shoulder, and as a result, suffered from headaches, mood swings, nausea, irritability, *1157 vision impairment and sensitivity to light. She specifically indicated in this connection that she had been seen by Dr. Gomez-Amador and Dr. Lockhart for these injuries. Finally, upon being asked about medical care providers that she had seen in the past ten years, she related that to the best of her recollection she had been treated by a gastroenterologist, and two other physicians who specialized in obstetrics and gynecology.
When the appellees took the deposition of Ms. Granados, she testified through an interpreter that after the accident she contacted her primary care physician, Dr. Gomez-Amador, who declined to treat her because of past problems the doctor had encountered in obtaining payment from insurance companies. Dr. Gomez-Amador suggested that Ms. Granados contact a medical care provider who "specialized" in automobile accidents. She thereafter treated with Dr. Lockhart, a chiropractic physician. During her deposition, Ms. Granados, curiously enough, was not asked by the appellees about any of the doctors she had visited prior to the accident.
The appellees subpoenaed the medical records of Dr. Gomez-Amador as part of their discovery efforts. The records reflected that Ms. Granados had, in fact, treated with Dr. Gomez-Amador a year before the accident for symptoms consistent with a urinary tract infection. The doctor indicated, however, that Ms. Granados "complained of back pain for several weeks," and suffered from "severe headaches." Dr. Gomez-Amador believed that she was suffering from arthritis. About a month later Dr. Gomez-Amador noted that she was not "having much pain at that time," but that an x-ray report indicated degenerative changes in her back.
The appellees filed a motion to dismiss the complaint for fraud upon the court. They based their motion on the fact that the medical records reflected that Ms. Granados had back pain and headaches prior to the accident, although in her answers to interrogatories she denied pre-accident back pain and headaches. In an affidavit filed by Ms. Granados in opposition to the motion she stated that she had not seen Dr. Gomez-Amador primarily for back pain and headaches, but rather because of a bladder infection, "and my entire body hurt." She said, as well, "Since I have a family history of cancer, I told the doctor every ache and pain I was feeling and requested a thorough examination." No live testimony was presented at the hearing.
The trial court granted the motion of the appellees to dismiss the complaint with prejudice after concluding that Ms. Granados committed a fraud on the court in connection with the answers to the interrogatories propounded by the defense. We agree with Ms. Granados that the trial court erred in dismissing her case.
Although a trial court has the inherent authority to dismiss actions based on fraud and collusion, the power of dismissal should be used "cautiously and sparingly," and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. We must always be mindful of the constitutional guarantee that the courts will be available to every person for redress of injury. See Art. I, § 21, Fla. Const. In recognition of this guarantee the party alleging fraudulent behavior must, accordingly, prove its position by clear and convincing evidence. Distefano v. State Farm Mut. Auto. Ins. Co., 846 So.2d 572, 574 (Fla. 1st DCA 2003).
In Gehrmann v. City of Orlando, 962 So.2d 1059 (Fla. 5th DCA 2007); Ruiz v. City of Orlando, 859 So.2d 574 (Fla. 5th DCA 2003), and Cox v. Burke, 706 So.2d 43 *1158 (Fla. 5th DCA 1998), we reviewed the law governing the dismissal of civil lawsuits based on fraud. In Cox, we specifically set out to define this rather narrow remedy:
The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobile Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117-18. Because dismissal sounds "the death knell of the lawsuit," courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious. Id. at 1118. The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders. Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992). Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances. Id.; Bird v. Hardrives of Delray, Inc., 644 So.2d 89, 90 (Fla. 4th DCA 1994).
In Ruiz, we held that except in the most extreme cases where it appears that the process of the trial has itself been subverted, simple factual inconsistencies, and "even false statements" are well managed through the use of impeachment and traditional discovery sanctions. See Ruiz, 859 So.2d at 576. Generally speaking, therefore, allegations of inconsistency, nondisclosure, and even falseness, are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action.
In the present case Ms. Granados had specifically disclosed the name of her family physician in her responses to discovery. When the appellees took the deposition of that physician, they learned that Ms. Granados had previously sought treatment for a kidney or bladder infection that may have been related to certain pre-accident back problems and headaches. There was also testimony that Ms. Granados believed she might have cancer since she "hurt all over" and wanted a thorough check up to eliminate that possibility. While this might still be considered an inconsistency, a nondisclosure or even a false statement, it quite clearly did not unfairly hamper the preparation of the defense. Ms. Granados was, however, forthcoming in revealing the names of her treating physicians, and the natural consequence of that revelation was that her prior treatment for back pain and headaches was disclosed.
That is to say, the defense was not hoodwinked by her discovery responses and in any event, the inconsistencies can easily be brought to the jury's attention through cross examination or impeachment. See Gehrmann. Thus, as the evidence was not clear and convincing that Ms. Granados "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter," we conclude that the trial court abused its discretion is dismissing the complaint with prejudice. See Cox. The ultimate penalty of dismissal with prejudice was too harsh. *1159 Ms. Granados is entitled to continue to pursue her remedy in the trial court.
Accordingly, we reverse the order dismissing the complaint of Ms. Granados with prejudice, and remand with instructions to reinstate the complaint.
REVERSED and REMANDED.
PLEUS and COHEN, JJ., concur.