CLARK, J.
This court must decide whether the trial court abused its discretion by dismissing with prejudice a mortgage foreclosure action based upon defenses raised in a motion to dismiss.[1] The defendants asserted in their motion that the plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, filed the foreclosure complaint without attaching a document required by the circuit court’s administrative order governing foreclosure actions; committed fraud upon the court by pleading false allegations of its identity and existence; filed the action without standing and capacity to do so; and conducted trust business (filing the lawsuit) without complying with section 660.27, Florida Statutes. Based upon the complaint, the defense motion, and arguments of counsel, the trial court found that Wells Fargo had committed all the violations as argued by the defense, including fraud upon the court. The dismissal of the foreclosure action with prejudice was a sanction for this fraud upon the court.
Dismissal of an action as a sanction for a party’s fraudulent conduct during the litigation is reviewed for abuse of discretion. Distefano v. State Farm Mut. Auto. Ins. Co., 846 So.2d 572 (Fla. 1st DCA 2003). The power to dismiss a case for fraud upon the court “is an extraordinary remedy found only in cases where a *252 deliberate scheme to subvert the judicial process has been clearly and convincingly proved.” Bologna v. Schlanger, 995 So.2d 526, 528 (Fla. 5th DCA 2008). A court certainly “possesses the authority to protect judicial integrity in the litigation process.” Pino v. Bank of New York, 57 So.3d 950, 954 (Fla. 4th DCA 2011). However, the authority to dismiss actions for fraud or collusion “should be used ‘cautiously and sparingly,’ and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing.” Granados v. Zehr, 979 So.2d 1155, 1157 (Fla. 5th DCA 2008).
Fraud upon the court is an egregious offense against the integrity of the judicial system and is more than a simple assertion of facts in a pleading which might later fail for lack of proof.[2] As defined in Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (affirming dismissal for fraud upon the court):
The requisite fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sen-tiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.
To support dismissal for fraud on the court, “[t]he party alleging fraudulent behavior must prove such by clear and convincing evidence.” Distefano, 846 So.2d at 574; see also Granados, 979 So.2d at 1157. Inartful pleadings, inconsistent testimony, and even lying to the court by a witness are generally insufficient to support a dismissal for fraud upon the court.
Here, the trial court found the plaintiffs allegations in the complaint— that the plaintiff owned the mortgage and note and that it brought the suit in its capacity as a valid securitized trustee— constituted fraud upon the court. Assertions in a motion to dismiss the complaint do not provide an evidentiary basis for finding fraud upon the court. The trial court’s dismissal of this case with prejudice is not supported by clear and convincing evidence advanced by the defendants of sufficiently unconscionable, deceitful conduct by the plaintiff. Dismissal with prejudice due to fraud upon the court was thus an abuse of the trial court’s discretion.
The other grounds relied upon by the trial court to dismiss this cause with prejudice were also not sufficient to support dismissal with prejudice at this stage of the litigation.
The defendants’ challenges to Wells Fargo’s status as a legal entity and to its capacity to sue on behalf of trustees were not properly raised via the motion to dismiss. When a defendant seeks to challenge “the legal existence of any party, the capacity of any party to sue ... or the authority of a party to sue ... in a representative capacity, that party shall do so in a specific negative averment which shall include such supporting particularities as are peculiarly within the pleader’s knowledge.” Fla. R. Civ. P. 1.120(a). A complaint is not required to contain an averment of “the capacity of a party to sue ... the authority of a party to sue ... in a representative capacity, or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court.” Fla. R. Civ. P. 1.120(a). Ac *253 cordingly, the defendants’ specific negative averments regarding Wells Fargo’s status as a legal entity and its capacity to bring suit are properly raised in a responsive pleading (answer) by denying the particular paragraphs of the complaint contested by the defendants and by asserting any applicable affirmative defenses, not by a pre-answer “motion for fraud upon the court.” See Fla. R. Civ. P. 1.110(c) & 1.140(b).
Likewise, lack of standing is an affirmative defense. Phadael v. Deutsche Bank Trust Co. Americas, 83 So.3d 893 (Fla. 4th DCA 2012). Generally, this affirmative defense must be asserted in the responsive pleading and the issue is then determined upon evidence presented or the party’s inability to produce sufficient evidence of its standing. Wells Fargo’s compliance or failure to comply with section 660.27, Florida Statutes, is also a possible affirmative defense or counterclaim which would be determined upon averments of fact in a responsive pleading and sufficient proof of those facts. This issue was not properly before the trial court at the pre-answer stage of the litigation.
Finally, Wells Fargo’s failure to attach to its complaint a document required by the court’s administrative order is insufficient to support dismissal with prejudice without granting an opportunity to attach the document in an amended complaint. “The public policy of Florida favors liberality in permitting amendments to pleadings so that the resolution of disputes will be on their merits.” Dimick v. Ray, 774 So.2d 830, 833 (Fla. 4th DCA 2000); Fla. R. Civ. P. 1.190(a). Failure to attach a required document can easily be remedied by amendment of a complaint and is not, in itself, justification for the harsh sanction of dismissal with prejudice.
For all the foregoing reasons, the order granting the motion to dismiss, with prejudice, and the final order dismissing the case with prejudice, are reversed. This cause is remanded for further proceedings.
DAVIS and ROWE, JJ., concur.

. The defendants’ omnibus motion was entitled "Defendants, Darren D. Reeves and Melissa Reeves’ Motion for Failure to Comply With Administrative Order Number 2009-18 Re: Mediation: Case Management Order and Mandatory Referral of Residential Mortgage Foreclosure Cases to Mediation, Motion for Fraud on the Court and Request for Formal Evidentiary Hearing (Non-telephonic) and Motion to Dismiss/Abate Action.”

. In addition, fraud upon the court by a lawyer is a serious breach of the rules of professional conduct which the court would be obligated to report to the appropriate regulating authority. See R. Regulating Fla. Bar 4-3.3 & 4-3.4; Code of Jud. Conduct Cannon 3D(2).