CLARK, J.,
dissenting.
Because I cannot agree that the trial court abused its discretion by dismissing the action without prejudice to Wells Fargo’s ability to file its claims in a new action, I respectfully dissent.
There was no question that the original complaint for foreclosure was not verified, in violation of rule 1.110, Florida Rules of Civil Procedure. While the borrower failed to respond to the complaint, Wells Fargo did not actively pursue its claim after filing, and there was no activity by either party or the court for well over a year after the complaint was filed. See Fla. R. Civ. P.R. 1.420. Before any action was taken to dismiss for failure to prosecute, Wells Fargo moved for and obtained a clerk’s default in September, 2011. Fla. R. Civ. P. 1.500(a).
The borrowers were unsuccessful with their motion to set aside the clerk’s default. However, the trial court on its own motion issued the order requiring Wells Fargo to cure the defect in the complaint within 15 days of the date of the order to avoid dismissal of the action. There was no dispute that the amended and verified complaint was both mailed and filed after the deadline expired. The trial court’s dismissal of the action without prejudice was in accordance with the terms of its earlier notice and order.
Along with the other circumstances described by the majority, it is clear that Wells Fargo did not seek an extension of time to meet the court’s deadline. As a sophisticated business enterprise ably represented by experienced counsel, Wells Fargo was undoubtedly aware of various options for delivery of documents from its California corporate offices when time became an issue. Unlike the dismissal in D’Best Laundromat, Inc. v. Janis, 508 So.2d 1325 (Fla. 3d DCA 1987), the dismissal in this case was without prejudice to the plaintiffs filing a new action, after paying a new filing fee, for failure to comply with the court’s order without good cause for such failure. This relatively mild sanction promotes both the public policy favoring resolution of disputes on their merits, Wells Fargo Bank, N.A. v. Reeves, 92 So.3d 249 (Fla. 1st DCA 2012), and the public policy that attorneys adhere to filing deadlines and court orders in the interest of an efficient judicial system and the swift administration of justice. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1994).
While the trial court had the option of excusing Wells Fargo’s failure to meet its deadline and accepting the amended complaint as timely, the trial court also had the option of enforcing its order as previously noticed. As stated in Eagle’s Crest, LLC v. Republic Bank, 42 So.3d 848, 852 (Fla. 2nd DCA 2010), “in order to find that the trial court abused its discretion, we must find that the judicial action was arbitrary, fanciful, or unreasonable. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”
Because I find no abuse of the trial court’s discretion under the circumstances of this case, I would affirm.