# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-836

_____

TYRONE D. WALLACE,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Hamilton County.
Andrew J. Decker, III, Judge.

August 24, 2018

OPINION ON MOTION FOR WRITTEN OPINION

B.L. THOMAS, C.J.

We have before us Appellant's motion for written opinion. We grant Appellant's motion and, accordingly, withdraw our former opinion of May 23, 2018, and substitute this opinion in its place.

Appellant challenges the lower court's "Order Denying Petition to Recall, Vacate, and Set Aside the Court's Order of March 10, 2011 Based on Fraud on the Court." Appellant alleges that the postconviction court's order denying relief was procured by fraudulent evidence.

Appellant was arrested on March 31, 2004, and charged by information with Home Invasion Robbery While Armed, and

Kidnapping. After a jury trial, Appellant was found guilty of both charges.

At the May 4, 2006 sentencing hearing, Appellant's counsel, Mr. Hunt, argued that the State untimely filed its notice that it was seeking to sentence Appellant under section 775.082, Florida Statutes, as a Prison Releasee Reoffender ("PRR"), because it was filed after trial, after the jury had been discharged. The sentencing court stated that the PRR statute does not expressly require the State to give notice of its intent to seek PRR status prior to trial, with the court noting, "I wish you were correct. I think it's a miracle that we don't have to let you know that prior . . . ." Mr. Hunt argued that the law may have changed in that regard, based on decisions in felony DUI cases where courts had ruled that, once a defendant was convicted of DUI, he was entitled to a jury determination on whether he had prior convictions for purposes of sentencing. Mr. Hunt argued that, analogous to felony DUI cases, Appellant was entitled to a jury determination on the issue of prior convictions in order to seek PRR status. The trial court disagreed, stating that the PRR statute does not require notice before the jury is discharged, stating, "[t]hey can do it, they don't have to notify anybody until after it's over and then say, oh, yes, we noticed him as a prison releasee reoffender."

After counsel for the State read portions of the PRR statute, Mr. Hunt stated, "Judge, I'm not here to contest what the statute says. We're here for a sentencing hearing and the State must produce – produce evidence." As required by the PRR statute, Appellant was sentenced to 30 years in prison for the charge of home invasion robbery and life in prison on the charge of kidnapping.

After the judgment and sentence were affirmed per curiam,[1] Appellant filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, claiming nine grounds for relief. Pertinent here, Ground Four of Appellant's motion alleged ineffective assistance of counsel. Appellant claimed he

---

[1] *Wallace v. State*, 951 So. 2d 837 (Fla. 1st DCA 2007) (Table).

2

specifically asked Mr. Hunt whether he would be subject to sentencing under the PRR statute, and Mr. Hunt incorrectly informed him that if the State did not give notice prior to trial of its intent to seek PRR designation, he would not be subject to PRR. Appellant alleged that he turned down the State's offer of a ten-year prison sentence based on counsel's misinformation, and stated he would not have gone to trial had the possibility of a life sentence been correctly communicated to him.

The postconviction court held an evidentiary hearing on Ground Four of Appellant's motion on March 2, 2011. Mr. Hunt testified that the State had offered Appellant a ten-year plea deal, and Appellant rejected it, stating that he was innocent and wanted to go to trial. Mr. Hunt testified that he had two separate discussions with Appellant before the sentencing hearing regarding the possible consequences of a guilty verdict at trial, and he made written notes contemporaneously with these discussions. The notes were admitted into evidence without objection. Mr. Hunt read the notes into the record:

> A: Okay. Top left of the page is a notation of the date, 3/3/06. And the time 9:15, and it doesn't say a.m., but it was a.m., and more or less top center of the page is the name, Tyrone Wallace. Under that in brackets is state's offer, colon, bracket, 10 years, closed bracket. Below that entry is a notation I explained above to defendant, he wants trial. And following that, just following that is a notation, I explained that if he is classified as PRR, he will receive a mandatory life sentence. Defendant understands.
>
> . . . .
>
> Next paragraph 4-3-06, 9:08, defendant arrived eight minutes late. Spoke with defendant again and reminded him of State's plea offer, 10 years DOC. I explained that he appeared to qualify as a prison releasee reoffender and will face a mandatory minimum life imprisonment if convicted of either offense. Defendant says he is innocent and will not consider a plea bargain.

3

Mr. Hunt testified that he discussed with Appellant the notice that was required if the State intended to seek PRR: "It was my understanding that the notice did not have to be filed in advance of trial. That it was filed in advance of sentencing, but not necessarily in advance of trial."

Mr. Hunt testified that he never advised Appellant that PRR would not apply to him due to a lack of written notice prior to trial. When asked if he argued at sentencing that PRR should not apply because the notice was not timely filed, Mr. Hunt testified, "I don't know. You'll have to refer to the sentencing transcript. Sounds like something I would have said, but I can't remember saying it.[2] Mr. Hunt testified that he knew that the case law is to the contrary, but he may have made the argument anyway.

Appellant testified at the evidentiary hearing that Mr. Hunt informed him the State offered him a ten-year plea deal, but never told him he would be facing life in prison. Appellant testified that Mr. Hunt told him he was subject to sentencing as an habitual violent offender but it was not mandatory, that he could receive the fifteen-year mandatory minimum, and that the judge could choose to sentence him to ten years if he found Appellant was not a threat to society. Appellant testified that he specifically asked Mr. Hunt whether he was subject to PRR, and Mr. Hunt told him he would be if the State gave timely notice. Appellant testified that Mr. Hunt advised him he would be able to earn gain time, and that information factored into his decision to go to trial.

The postconviction court found that Mr. Hunt's contemporaneous notes were accurate and not falsified; therefore, Mr. Hunt had discussed with Appellant the possibility of life

---

[2] The transcript of the sentencing hearing was not available at the evidentiary hearing on Appellant's rule 3.850 motion. Appellant's postconviction counsel stated the transcript was not in the court file, and, as the moving party, Appellant bore the burden of producing the transcript. The evidentiary hearing proceeded without the transcript. However, the transcript was provided in the record for this appeal.

4

imprisonment. The court noted that the information by which Appellant was charged indicated that both charges were punishable by life in prison, and the court did not find it credible that Mr. Hunt would not have discussed the possibility of life imprisonment with Appellant when the potential sentence was listed on the information. The court found that Mr. Hunt's argument at sentencing that the PRR notice was untimely could be viewed as an attorney arguing one theory of law on behalf of his client, but it did not prove that he told Appellant he could not be sentenced to life if the PRR notice was not filed before trial. The postconviction court reiterated these findings in its March 10, 2011 order denying Appellant's motion for postconviction relief.

On October 25, 2016, Appellant filed a "Petition to Recall, Vacate, and Set Aside the Court's Order of March 10, 2011 Based on Fraud on the Court." Appellant alleged that, because the transcripts of the 2006 sentencing hearing were now available, he could prove Mr. Hunt's deficient performance and establish that Mr. Hunt's testimony at the 2011 evidentiary hearing constituted fraud on the court. Specifically, Appellant alleged that Mr. Hunt was testifying falsely when he said he understood that the PRR notice did not have to be given prior to trial and that he never advised Appellant that PRR would not apply to him due to the State's failure to notice PRR before trial. Appellant alleged that 2006 sentencing hearing transcripts, which were not available at the 2011 postconviction evidentiary hearing, established that Mr. Hunt believed in 2006 that PRR had to be noticed before trial, and his statements that he still advised Appellant that it did not need to be noticed before trial were false.

On February 3, 2017, the lower court held an evidentiary hearing on Appellant's Petition to Vacate. With the transcript of the sentencing hearing now available, Mr. Hunt testified that he had argued at the 2006 sentencing hearing that the State's PRR notice was untimely, but he did not advise Appellant that it would not apply. Mr. Hunt testified that this was not a false statement of the law, as he was arguing that the sentencing court should rely on felony DUI cases where a jury determination on prior convictions was required for sentencing; thus, applying the standard from felony DUI cases, the PRR should not be applied to Appellant because it was not noticed until after the jury was

5

discharged. Mr. Hunt testified that this argument was a strategy to represent Appellant zealously, and he believed the argument was well taken and entirely appropriate. Mr. Hunt further testified that he informed Appellant that he faced a life sentence under PRR.

Mr. Hunt testified that the notes of his 2006 discussions with Appellant that were admitted at the 2011 evidentiary hearing were made contemporaneously with his original conversations with Appellant, were not created after the fact, and were not fraud on the court.

The lower court found there was no showing that Mr. Hunt's handwritten notes admitted into evidence at the 2011 evidentiary hearing were not made contemporaneously with his discussions with Appellant in 2006 prior to trial. The court found that Mr. Hunt testified honestly and accurately at the 2011 evidentiary hearing, and found that, when Mr. Hunt argued at the 2006 sentencing hearing that PRR should have been noticed before trial, he was making the best policy argument he could in favor of Appellant, and not demonstrating a misunderstanding of the law. The lower court denied Appellant's petition to vacate the 2011 order. Appellant now challenges the court's denial of his petition.

*Analysis*

A lower court's decision regarding a claim of fraud on the court is reviewed for an abuse of discretion. *Suarez v. Benihana Nat'l of Fla. Corp.*, 88 So. 3d 349, 351 (Fla. 3d DCA 2012).

Any judgment or order procured from any court by the practice of fraud or deception may, in appropriate proceedings, be set aside at any time. *State v. Burton*, 314 So. 2d 136, 138 (Fla. 1975). Fraud on the court is defined as "an egregious offense against the integrity of the judicial system and is more than a simple assertion of facts in a pleading which might later fail for lack of proof." *Wells Fargo Bank, N.A. v. Reeves*, 92 So. 3d 249, 252 (Fla. 1st DCA 2012).

The authority to dismiss actions for fraud "'should be used 'cautiously and sparingly,' and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong

6

doing.'" *Id.* (quoting *Granados v. Zehr*, 979 So. 2d 1155, 1157 (Fla. 5th DCA 2008)).

As defined in *Cox. v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998):

> The requisite fraud on the court occurs where "it can be demonstrated, *clearly and convincingly*, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense."

(Quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) (emphasis added)). Thus, to succeed in his petition to vacate the 2011 order based on fraud on the court, Appellant had to show by clear and convincing evidence that the testimony at the 2017 evidentiary hearing proved that facts found to be true at the 2011 evidentiary hearing were "basically false." *See Booker v. State*, 503 So. 2d 888, 889 (Fla. 1987).

In *State v. Mischler*, 488 So. 2d 523, 525 (Fla. 1986), the Florida Supreme Court described the requirements for clear and convincing evidence:

> "Clear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief and conviction, without hesitancy, as to the truth of the allegation sought to be established."

(Quoting *Slomowitz v. Walker*, 429 So. 2d 797, 800 (Fla. 4th DCA 1983)).

Appellant argues that the 2011 order on his motion for postconviction relief was procured by fraud, because Mr. Hunt testified falsely when he stated that he understood the State did not have to give notice of its intent to seek PRR before trial, and

that he never advised Appellant that PRR would not apply to him, because the State had not filed notice of PRR prior to trial. He further argues that Mr. Hunt's notes of his conversations with Appellant were falsified to the extent that they indicated that Mr. Hunt never advised him that PRR applied. In support, Appellant points to Mr. Hunt's argument at the 2006 sentencing hearing that, although he did not contest what the PRR statute said, he believed the court should apply the standard established for felony DUI cases, where, after conviction, a separate jury determination was required to establish whether the defendant had prior convictions.

Appellant has not established fraud by clear and convincing evidence. Mr. Hunt's argument at the 2006 sentencing hearing was a policy argument offered to get the best possible sentencing for Appellant. This does not establish that Mr. Hunt misunderstood the PRR notice requirement; rather, the argument indicates that Mr. Hunt was requesting the court to apply a standard for policy reasons, even when he understood that the statute did not expressly require that standard. *See* R. Regulating Fla. Bar pmbl. ("As an advocate, a lawyer zealously asserts the client's position under the rules of the adversary system"). This argument does not "produce in the mind" a "firm belief and conviction, without hesitancy," that Mr. Hunt misunderstood the PRR notice requirements, misadvised Appellant based on that misunderstanding, and then gave false testimony and produced falsified notes contrary to that advice.

AFFIRMED.

WOLF and RAY, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

Tyrone D. Wallace, pro se, Appellant.

8

Pamela Jo Bondi, Attorney General, Holly N. Simcox and Sharon S. Traxler, Assistant Attorneys General, Tallahassee, for Appellee.