# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2393
_____

PRO CHOICE REMEDIATION, INC.,
a/a/o St. James AME Church of
Trustees,

     Appellant,

     v.

OLD DOMINION INSURANCE
COMPANY,

     Appellee.

_____


On appeal from the Circuit Court for Jackson County.
James J. Goodman, Judge.


November 27, 2024


WINOKUR, J.

    This case arises from a dispute over money owed for remediation services rendered by Appellant Pro Choice Remediation in the aftermath of Hurricane Michael. Because the trial court erred in dismissing the action with prejudice for fraud on the court, we reverse.

I

    In October 2018, St. James AME Church in Marianna (the church) was struck by Hurricane Michael. The church's buildings

suffered wind and water damage. Shortly after, Pro Choice, a remediation and mitigation company out of Orlando, contracted with the church's trustees to provide remediation and mitigation services to two buildings. After Pro Choice provided remediation services, the church assigned its insurance benefits to Pro Choice, which then filed an insurance claim with Old Dominion Insurance Company.

Although Pro Choice was contracted to perform remediation and mitigation services, another company was also engaged in similar work at the church—All Dry USA. When Pro Choice filed its claim with Old Dominion for payment due for its services, Old Dominion denied the claim, alleging that it was duplicative of the work All Dry also claimed to have done. The denial of the claim led to the underlying civil action. Old Dominion challenged the scope of the work done by Pro Choice and All Dry USA, advancing a defense that it did not breach the insurance contract and thus no damages were owed to Pro Choice.

During discovery, Old Dominion obtained from Pro Choice's corporate representative, Mel Sanchez, an admission that Pro Choice had double-billed Old Dominion. Pro Choice originally prepared an *estimate* of $197,326.23 for the work done on the church, but it never provided the estimate to Old Dominion. Instead, two separate *invoices* were provided to Old Dominion, which totaled $201,000. In its response to interrogatories, Pro Choice erroneously claimed that the damages requested were approximately $400,000, the undelivered estimate value, plus the two-invoice value. That response was later amended, and Sanchez conceded to the double-billing as a mistake.

Nevertheless, Old Dominion moved to dismiss the action, arguing that Pro Choice's double billing was a fraud on the court. A magistrate heard the matter and issued a report and recommendation, which concluded that Pro Choice committed fraud and recommended dismissal as a sanction. The trial court adopted the report and recommendation, granted Old Dominion's motion to dismiss the action with prejudice, and final judgment was entered against Pro Choice. This appeal follows.

2

## II

Pro Choice argues that the trial court erred in dismissing its complaint with prejudice as a sanction for fraud on the court. In the past, courts have concluded that "[a] trial court's dismissal of a claim for fraud upon the court is reviewed under a more stringent abuse of discretion standard . . . .". *Beseler v. Avatar Prop. & Cas. Ins. Co.*, 291 So. 3d 137, 139 (Fla. 4th DCA 2020). Some have even broken that standard down to its component parts. *See, e.g., Goga v. Publix Supermarkets, Inc.*, 383 So. 3d 490, 495 (Fla. 4th DCA 2024) ("Our preliminary determination is whether the trial court's findings are supported by competent, substantial evidence. If that standard is met, we then review the trial court's legal conclusions for abuse of discretion."). But in doing so they have linked a standard of review to a particular kind of ruling, which "often leads to a generalization that is not helpful." Philip J. Padovano, *Florida Appellate Practice* § 19.4 (2024 ed.).

Accordingly, we analyze the order on appeal through the components that make it up and apply the traditional standards of review for each. If the appeal hinges on the lower tribunal's (1) findings of fact, our review is for competent, substantial evidence, *see, e.g., MTGLQ Investors, L.P. v. Moore*, 293 So. 3d 610, 615 (Fla. 1st DCA 2020); (2) conclusions of law, our review is de novo, *see, e.g., Van v. Scmidt*, 122 So. 3d 243, 262 (Fla. 2013); and (3) remedy, our review is abuse of discretion. *See, e.g., Dorsey v. Dorsey*, 266 So. 3d 1282, 1284–85 (Fla. 1st DCA 2019).

Pro Choice challenges all three components in this appeal. It argues the trial court erred because there was insufficient evidence to demonstrate it "sentiently set in motion a scheme with the intent to defraud [Old Dominion] or interfere with the trial court's ability to adjudicate this case." Thus, we review each component under its appropriate standard and agree with Pro Choice.

## III

First, we take no issue with the trial court's findings of fact. Competent, substantial evidence supports the trial court's findings

3

that Pro Choice erroneously duplicated its damages in an interrogatory answer that it later corrected. We do not, however, agree with the trial court that this fact could lead to a conclusion that Pro Choice intended to defraud Old Dominion or subvert the judicial process. Similarly, the trial court's dismissal of the action with prejudice was an abuse of its discretion because such a remedy was too extreme in this case.[*]

"The power to dismiss a case for fraud upon the court 'is an *extraordinary remedy* found only in cases where a deliberate scheme to subvert the judicial process has been clearly and convincingly proved.'" *Wells Fargo Bank, N.A. v. Reeves*, 92 So. 3d 249, 251–52 (Fla. 1st DCA 2012) (quoting *Bologna v. Schlanger*, 995 So. 2d 526, 528 (Fla. 5th DCA 2008) (emphasis supplied)). Thus, a trial court may only impose such a sanction if

> it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable *scheme* calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.

*Wenwei Sun v. Aviles*, 53 So. 3d 1075, 1077 (Fla. 5th DCA 2010) (quoting *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)).

We have good reason to impose such a high standard for dismissal as a sanction. Article I, section 21, of the Florida Constitution guarantees access to courts. To bar a party from its day in court may run afoul of that constitutional right, "[e]xcept in the most *extreme cases*, where it appears that the *process of trial*

---

[*] The dissent accuses us of improperly rejecting the magistrate's factual findings because he found that Pro Choice "materially affected the ability of [Old Dominion] to . . . investigate and defend the claims raised by Pro Choice." Even if we were required to accept this conclusion uncritically as a factual finding, we would still find that the court abused its discretion in dismissing Pro Choice's complaint as a sanction.

has itself been subverted . . . ." *Hutchinson v. Plantation Bay Apartments*, LLC, 931 So. 2d 957, 960 (Fla. 1st DCA 2006) (quoting *Ruiz v. City of Orlando*, 859 So. 2d 574, 576 (Fla. 5th DCA 2003) (emphasis supplied)).

"When a party lies about matters bearing directly on the issue of damages, dismissal is an appropriate sanction." *Distefano*, 846 So. 2d at 574 (citing *Desimone v. Old Dominion Ins. Co.*, 740 So. 2d 1233, 1234 (Fla. 4th DCA 1999)). But this observation does not mean that "lies about matters bearing directly on the issue of damages" invariably requires dismissal with prejudice. Indeed, several courts have held that lying is insufficient for such an extreme sanction. *See Hutchinson*, 931 So. 2d at 960 ("[E]ven false statements are well managed through the use of impeachment and traditional discovery sanctions." (quoting *Ruiz*, 859 So. 2d at 576)); *Synergy Contracting Group, Inc. v. Homeowners Choice Prop. & Cas. Ins. Co., Inc.*, 376 So. 3d 769, 772 (Fla. 2d DCA 2023) (same); *Beseler v. Avatar Property & Cas. Ins. Co.*, 291 So. 3d 137, 140 (Fla. 4th DCA 2020) (same).

However, Old Dominion maintains that Pro Choice's false statements were sufficient to legally conclude that Pro Choice committed fraud and to dismiss the underlying action. We fail to see how the misrepresentation here was not remediable by "traditional discovery sanctions" rather than the extreme penalty of dismissal, particularly when there is no evidence that the misrepresentation subverted the judicial process.

Here, Pro Choice improperly listed duplicative charges in an interrogatory answer, but its corporate representative acknowledged the billing error and Pro Choice quickly corrected it. Missing, however, is a finding that Pro Choice's misrepresentation constituted a scheme to defraud the court, which subverted the judicial proceeding and hindered Old Dominion's ability to present its defense. *See Perrine v. Henderson*, 85 So. 3d 1210, 1212 (Fla. 5th DCA 2012) ("Misconduct that falls short of the rigors of [the *Cox*] test, including inconsistency, nondisclosure, poor recollection, dissemblance and even lying, is insufficient to support a dismissal for fraud[.]" (citations omitted)).

5

Based on those findings, it cannot be legally concluded that it was clearly and convincingly shown that Pro Choice "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate" the case at hand. At best, the trial court found that Pro Choice lied or misrepresented its damages claim in an isolated manner, which was ultimately corrected. Therefore, we cannot agree with the trial court's legal conclusion that Pro Choice defrauded the trial court or Old Dominion. But even if we accepted the trial court's conclusion, the remedy went too far. Dismissal is a sanction of last resort, reserved for the most egregious of cases. *See Cox*, 706 So. 2d at 46. This is not one of them.

For example, in *ICMfg & Assocs., Inc. v. Bare Bd. Group, Inc.*, 238 So. 3d 326, 334 (Fla. 2d DCA 2017) the Second District affirmed a sanction of dismissal because appellants "engaged in a concerted effort to interfere with BBG's attempts to discover evidence favorable to BBG[,]" which were egregious. *Id.* at 330. Such efforts

> included the repeated disregard of discovery obligations, noncompliance with court orders to make discovery, false deposition testimony, and the failure to disclose that two of ICM's tax returns had been amended after BBG had requested copies of the returns[, and that] [t]he amendments to the two tax returns deleted the names of Mr. Coghlan and Ms. del Grosso from the original returns as two of the shareholders of ICM and listed Mr. Doyle instead as the sole shareholder.

*Id.* None of those facts are present here. Pro Choice provided only an erroneous assessment of its damages—which it quickly corrected. That action, whether a mistake or not, is hardly evidence of a "scheme calculated" to defraud the trial court or Old Dominion.

Thus, given the facts of *this* case, we cannot agree that the extreme sanction of dismissal was warranted—especially when no evidence was presented to show that the judicial process was subverted or that Old Dominion's defense was hindered in any

meaningful way. *See, e.g., Beseler*, 291 So. 3d at 140 ("Conflict between depositions, interrogatories, and records disclosed during discovery does not warrant dismissal.").

The record leads us to conclude that the court viewed Pro Choice's actions as profiteering in the wake of a devastating hurricane. But that view cannot be extrapolated to justify the trial court's unsupported legal conclusion that Pro Choice committed fraud. Whether that characterization was appropriate or not, Pro Choice's action should not have been dismissed because of it. Accordingly, we REVERSE the trial court's order dismissing the action with prejudice for fraud on the court, and REMAND for further proceedings.

ROBERTS, J., concurs; LONG, J., dissents with opinion.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

LONG, J., dissenting.

Because I disagree with the majority's disposition and the process by which it reaches it, I must respectfully dissent.

We review "the factual findings on which the dismissal was based for competent, substantial evidence, while the legal conclusions that a fraud upon the court has occurred and the trial court's decision to dismiss the case with prejudice are reviewed for an abuse of discretion." *Wallace v. Keldie*, 249 So. 3d 747, 752 (Fla. 1st DCA 2018) (citation omitted). Whether a party engaged in an intentional deception is a factual finding. Whether that deception affected the other party is also a factual finding. And it is the trial court's responsibility to weigh the evidence and answer these questions. We cannot step into the trial court's shoes, reweigh evidence, and then reach our own findings. *Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983) ("Thus, to justify reversal, it would have

7

to be shown on appeal that the trial court clearly erred in its interpretation of the facts and the use of its judgment and not merely that the court, or another fact-finder, might have made a different factual determination.").

Accepting a trial court finding because it is supported by competent, substantial evidence is not, as the majority suggests, to accept the conclusion uncritically. Instead, it is to act within our limited role as an appellate court. The standard of review is of great importance and helps restrain the appellate court from relitigating matters that were fully and properly litigated under the jurisdiction of a trial court. We are not vested with authority to reweigh facts or to act as a second trial court. *See* Art. 5, §4(b)(1), Fla. Const. If there is sufficient evidence to support the trial court's findings, we must accept them and move on to review the sanction imposed for an abuse of discretion.

Our subsequent abuse of discretion review requires us to assume the facts found and then ask if the sanction imposed was reasonable in light of them. *Tramel v. Bass*, 672 So. 2d 78, 82–83 (Fla. 1st DCA 1996) (explaining that when reviewing the trial court's discretionary act, the appellate court "should apply the 'reasonableness' test to determine whether the trial judge abused his discretion") (quoting *Mercer*, 443 So. 2d at 946). A trial court only abuses its discretion when it makes a decision that *no* reasonable person could make. *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980).

With these principles, let us turn to the dismissal at hand. It is undisputed that through months of litigation, two sets of interrogatories on the subject, email correspondence via counsel, and a corporate representative deposition, Pro Choice, by way of double billing, sought nearly twice the amount of money it now claims was due. When Old Dominion conclusively demonstrated the amount was unsupported, and Pro Choice had admitted as much, Old Dominion sought, and the trial court granted, a dismissal of the action for fraud.

The record shows a general magistrate conducted an evidentiary hearing. The magistrate used the correct standard of

8

proof, noting that its findings must be supported by clear and convincing evidence. In a detailed thirteen-page order, the magistrate made all the necessary findings. The order found that Pro Choice committed a "calculated, repetitive, and fraudulent attempt . . . to acquire insurance benefits from Old Dominion." The majority rejects the findings by concluding, for example, "that Old Dominion's defense was [not] hindered in any meaningful way." But the order expressly found that Pro Choice made "intentionally false claims" that "materially affected the ability of [Old Dominion] to . . . investigate and defend the claims raised by Pro Choice."

Because the findings are supported by competent, substantial evidence, I would accept them and move on to review the sanction imposed. Here, that means we must ask, as a matter of law, if a reasonable person could find dismissal with prejudice to be appropriate where the plaintiff made intentionally false claims that materially affected the defense through a calculated, repetitive, and fraudulent scheme to acquire insurance benefits. Based on those findings, I would hold that dismissal was within the range of reason. "[A] trial court has the inherent authority to dismiss actions based on fraud." *Young v. Curgil*, 358 So. 2d 58, 59 (Fla. 3d DCA 1978). And the trial court found that Pro Choice made "intentionally false claims." It is well settled that "[w]hen a party lies about matters bearing directly on the issue of damages, dismissal is an appropriate sanction." *Distefano v. State Farm Mut. Auto. Ins. Co.*, 846 So. 2d 572, 574 (Fla. 1st DCA 2003).\*

Finally, dismissal with prejudice is an important tool for trial courts to help protect the People from fraudulent claims and abuse of the courts. *See Tramel*, 672 So. 2d at 83 ("[I]t is the responsibility of the trial court, and not the appellate court, to manage and control the trial process, including the application of sanctions for serious abuses."). I fear that our second guessing

---

\* The majority cites this language but argues it does not mean dismissal is required. I agree. But the question is not whether dismissal was *required*; it is whether dismissal was within the court's discretion.

here will have the effect of discouraging trial courts from dismissing actions that should be dismissed.

Because the trial court's findings are supported by competent, substantial evidence, and it did not abuse its discretion in dismissing the claims with prejudice, I would affirm.

_____

Earl I. Higgs, Jr. of Bradley, Fleming, PLLC, Pensacola, for Appellant.

Stuart C. Poage of Pennington, P.A., Tallahassee, for Appellee.