# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-1117

———————————————

LYNN SWENSON,

 Appellant,

 v.

WAL-MART STORES EAST, L.P.,

 Appellee.

———————————————

On appeal from the Circuit Court for Leon County.
James Lee Marsh, Judge.

February 26, 2025

B.L. THOMAS, J.

Lynn Swenson appeals an order dismissing her complaint with prejudice for fraud on the court.

> [W]e analyze the order on appeal through the components that make it up and apply the traditional standards of review for each. If the appeal hinges on the lower tribunal's (1) findings of fact, our review is for competent, substantial evidence, *see, e.g.*, *MTGLQ Investors, L.P. v. Moore*, 293 So. 3d 610, 615 (Fla. 1st DCA 2020); (2) conclusions of law, our review is de novo, *see, e.g.*, *Van v. Schmidt*, 122 So. 3d 243, 262 (Fla. 2013); and (3) remedy, our review is abuse of discretion. *See, e.g.*, *Dorsey v. Dorsey*, 266 So. 3d 1282, 1284–85 (Fla. 1st DCA 2019).

*Pro Choice Remediation, Inc. v. Old Dominion Ins. Co.*, 49 Fla. L. Weekly D2368, at *2 (Fla. 1st DCA Nov. 27, 2024).

Swenson filed a Complaint against Walmart alleging that it negligently failed to properly inspect and/or prepare its chicken, which resulted in food poisoning requiring extensive treatment. Walmart moved to dismiss for fraud on the court because Swenson incorrectly answered two questions. At her deposition Swenson denied a history of gynecological issues prior to the incident described in the Complaint. In an interrogatory, she also denied prior treatment to "the area of the body" she claimed was injured. Her treating physicians and medical records obtained through discovery showed extensive abdominal and gynecological treatment.

> "The power to dismiss a case for fraud upon the court 'is an *extraordinary remedy* found only in cases where a deliberate scheme to subvert the judicial process has been clearly and convincingly proved.'" *Wells Fargo Bank, N.A. v. Reeves*, 92 So. 3d 249, 251–52 (Fla. 1st DCA 2012) (quoting *Bologna v. Schlanger*, 995 So. 2d 526, 528 (Fla. 5th DCA 2008) (emphasis supplied)). Thus, a trial court may only impose such a sanction if
>
>> it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable *scheme* calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.
>
> *Wenwei Sun v. Aviles*, 53 So. 3d 1075, 1077 (Fla. 5th DCA 2010) (quoting *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998)).

*Pro Choice Remediation,* 49 Fla. L. Weekly D2368, at *2.

Swenson alleged that she suffered damages and had to undergo extensive treatment from eating contaminated chicken. She was hospitalized for eight days, and later required a

laproscopic adhesiolysis surgery. In her deposition, Swenson denied a history of being diagnosed with gynecological issues prior to this incident and denied being treated by a doctor or hospital in the same areas of the body before her incident in her response to defense interrogatories. Swenson indicated in her other interrogatory response that she was suffering from a torsed left ovary at the time of the incident, and that she reserved the right to supplement the response. Swenson also disclosed multiple treating physicians that she treated with prior to the incident.

At the hearing on Walmart's motion to dismiss for fraud, Swenson testified that she did not believe that she had prior treatment to the same area of the body that was injured by the food poisoning incident because, "I wasn't treated in that area, no. I was treated the other areas that were below the stomach." Her counsel argued that Swenson's claim of food poisoning involved complicated systems that would go on inside the body, rather than something that can be definitively pointed to that was hurt (like a leg injury). Thus, there was no plan or scheme to defraud. Swenson told defense counsel about urinary tract infections and that she had a gallbladder removal in 1998, showing that she was not trying to hide anything.

Swenson testified at the hearing regarding her responses to interrogatories in which she denied prior similar injuries and treatment. She testified that the areas of the body where she had surgeries in the past were in a totally different area of the stomach. Ms. Swenson admitted her extensive history, which included symptoms like abdominal pain and pressure and constipation. She admitted that this included having undergone multiple surgical procedures relating to her gynecological issues. She admitted that she had answered Walmart's interrogatory asking about prior medical issues in the same area, and that she understood it.

> "Clear and convincing evidence requires that the evidence must be found to be credible; the facts to which the witnesses testify must be distinctly remembered; the testimony must be precise and explicit and the witnesses must be lacking in confusion as to the facts in issue. The evidence must be of such weight that it produces in the mind of the trier of fact a firm belief and conviction,

3

without hesitancy, as to the truth of the allegation sought to be established."

*Wallace v. State*, 254 So. 3d 1085, 1090 (Fla. 1st DCA 2018) (quoting *State v. Mischler*, 488 So.2d 523, 525 (Fla. 1986)).

From the possibility of confusion regarding the questions being asked and the involved body systems to the full disclosure by Swenson of prior treating doctors providing Walmart with full access to prior medical treatment, this case lacks the required explicitness and evidence of intent. The evidence here, whether a mistake or not, is hardly evidence of a "scheme calculated" to defraud the trial court or Walmart. *Pro Choice Remediation*, 49 Fla. L. Weekly D2368, *2.

As in *Pro Choice*, under the facts here it cannot be legally concluded that it was clearly and convincingly shown that Swenson "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate" the case. *Pro Choice Remediation*, at *2. At most, the trial court identified that she lied or misrepresented the details of her prior medical history in an isolated manner. This was ultimately fleshed out in the prior medical records which provided analysis of related prior medical conditions and treatment.

Even if we were to find that competent, substantial evidence supports the trial court's finding of fraud, dismissal as a sanction is not appropriate. We have good reason to impose such a high standard for dismissal as a sanction. Article I, section 21, of the Florida Constitution guarantees access to courts. To bar a party from its day in court may run afoul of that constitutional right, "[e]xcept in the most extreme cases, where it appears that the process of trial has itself been subverted ...." *Hutchinson v. Plantation Bay Apartments, LLC*, 931 So. 2d 957, 960 (Fla. 1st DCA 2006) (quoting *Ruiz v. City of Orlando*, 859 So. 2d 574, 576 (Fla. 5th DCA 2003) (emphasis supplied)). Several courts have held that lying is insufficient for such an extreme sanction. *See Hutchinson*, 931 So. 2d at 960 ("[E]ven false statements are well managed through the use of impeachment and traditional discovery sanctions." (quoting *Ruiz*, 859 So. 2d at 576)); *Synergy Contracting Group, Inc. v. Homeowners Choice Prop. & Cas. Ins. Co., Inc.*, 376 So. 3d 769, 772 (Fla. 2d DCA 2023) (same); *Beseler v.*

4

*Avatar Property & Cas. Ins. Co.*, 291 So. 3d 137, 140 (Fla. 4th DCA 2020) (same). And we note that where false statements under oath occur, such a false statement can be investigated and potentially prosecuted separately as perjury, and the offender may be convicted and sentenced up to five years in state prison. *See* § 837.02(1), Fla. Stat. Any party is free to submit such a criminal allegation to the appropriate law enforcement authority or state attorney.

Here, the trial court found "it strains credulity that Plaintiff was under the impression that she was giving truthful testimony." However, the evidence did not go so far as to support the trial court's finding that there existed a scheme to defraud the court. Because there is no competent, substantial evidence to support the requisite intent, the trial court erred in dismissing Swenson's complaint.

REVERSED.

M.K. THOMAS, J., concurs; KELSEY, J., dissents with opinion.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

KELSEY, J., dissenting.

On the facts presented, I find myself aligned with Judge Long's recent dissent in *Pro Choice Remediation, Inc. v. Old Dominion Ins. Co.*, 49 Fla. L. Weekly D2368, 2024 WL 4897362, at *4 (Fla. 1st DCA 2024). Therefore, I dissent.

---

Brian Lee, Morgan & Morgan, Jacksonville, for Appellant.

Allison Beth Ziegler, Daniel J. Santaniello, and Daniel Stuart Weinger, Luks, Santaniello, Petrillo & Cohen, Fort Lauderdale, for Appellee.